SPECTOR, Chief Judge.
This is an original action in prohibition seeking to restrain the respondent circuit judge from proceeding to exercise his jurisdiction over the trial of petitioner on criminal charges pending against him for forcible rape.
Petitioner was arrested on June 1, 1971. Preliminary hearing was held July 21, 1971, probable cause was found, and he was bound over to the circuit court. Bail bond was set at $5,000 and he was released on August 16, 1971. On November 3, 1971, petitioner was indicted by the grand jury on charges of rape. On December 2, 1971, petitioner’s defense counsel filed on his behalf a motion for discharge contending that 180 days had elapsed since petitioner *691 had been taken into custody on the charges pending and that he had not yet been brought to trial, in violation of the Florida Supreme Court’s speedy trial rule 3.191, Rules of Criminal Procedure, 33 F.S.A. In said motion for discharge, petitioner alleged that no order for continuance had been entered and that the defendant had at all times been available for trial.
The motion for discharge was denied on December 10, 1971, and trial was set for January 26, 1972. The order denying discharge was founded on the trial court’s ruling that the 180-day time period provided by rule 3.191(a)(1) does not commence to run until the defendant has been formally charged by indictment, information or trial affidavit. Petitioner contends the rationale of the trial court was rejected by the Supreme Court in State ex rel. Hanks v. Goodman, 253 So.2d 129, 130 where the court held that the 60-day period in Section (a) (2) of the rule does not run until an information, indictment or trial affidavit has been filed but continued to state:
“In any event, the rule requires that trial be commenced within 180 days from the date the defendant is taken into custody.”
The Attorney General in the brief submitted on behalf of the respondent contends that the above quoted language from Hanks is mere obiter dictum and therefore is not controlling in the case at bar. Obiter dictum it well may be since the court was confronted with the 60-day demand portion of the rule. But, nonetheless, the Attorney General has failed to give cognizance to that portion of rule 3.191(a)(1) which provides that:
“The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.”
In view of the above provision in the rule and the holding by the Supreme Court in Hanks, supra, we are obliged to hold that the 180-day time period runs from the time a defendant is taken into custody. See also State ex rel. Butler v. Cullen, 253 So.2d 861, 862 (Fla.)
The return and brief filed by the respondent contends that the waiver provisions of rule 3.191(d)(2) came into operation when petitioner was released on bail on August 16, 1971, and affixed his signature to the bond which provided that he was to appear in court at the next regular or special term of the Jefferson County Circuit Court. Thus, argues the respondent’s counsel, when petitioner obtained his release on bail on August 16 and obliged himself to appear at the next term of court which was on November 1, 1971, he in effect was not continuously available for trial since he was free to absent himself under the terms of the bail bond. Respondent’s counsel contends that petitioner waived the 180 day period by seeking and obtaining his release on bail, citing as authority Eastwood v. Hall, 258 So,2d 269 (Fla.App.1972). Our review of that case fails to convince us that the facts in the case at bar are analogous to those there involved. In Eastwood, the court held that counsel’s agreement to a trial date beyond the extreme period allowed by the rule constituted a waiver of the right to be tried within the time specified by the rule. In this case, respondent’s attempt to assert a waiver based on the bail release cannot stand simply because the rule expressly provides that the time periods therein shall apply whether the accused is in custody awaiting trial or is at liberty on bail or recognizance.
Although we have concluded that neither the reason stated by the trial court in its order denying discharge nor the argumentation advanced by the respondent’s counsel on appeal are valid grounds for denying petitioner’s motion for discharge, there does exist a reason or ground based on which we must hold that the order reviewed herein is correct.
The arrest of petitioner occurred on June 1, 1971. He was released on bail *692 August 16, 1971. Rule 3.191(i)(2), Schedule, provides that the trial of all persons taken into custody prior to the effective date of the rule shall commence on or before September 27, 1971, unless a written demand for speedy trial is made in which case trial shall be had within 60 days of demand. The rule further provides that if a person is released upon bail or otherwise, (as was petitioner here) and makes no demand for speedy trial (petitioner made no such demand), the trial of such person shall commence on or before November 1, 1971. Yet, as of November 1, 1971, petitioner could not have been tried for rape since such charges at that time could be tried only upon an indictment brought by the grand jury. Cf. Donaldson v. Sack, 265 So.2d 499 Florida Supreme Court, filed July 17, 1972. At the time of petitioner’s arrest, June 1, 1971, the Jefferson County Grand Jury was not in session, the Spring Term having been dismissed on May 25, 1971, and not scheduled to reconvene until the beginning of the Fall Term on November 1, 1971. Petitioner was expeditiously indicted on November 3, 1971, and in only one month he filed his motion for discharge.
In our view, the time factors involved in this case present “exceptional circumstances” within the purview of rule 3.191(f), since the petitioner could not have been tried prior to being indicted and the grand jury was not in session from the time of arrest until the last day provided for trial in the schedule, 3.191 (i) (2). Section (f) of the rule defines exceptional circumstances as those which as a matter of substantial justice to the State, as well as the accused, require an order by the court under (d) (2) extending the time for trial. When the court did order the trial to be held on January 26, 1972, it was responding to the exceptional circumstances of the case and thereby did substantial justice to both the accused and the State as required by Section (f) of the speedy trial rule.
Accordingly, the trial court correctly denied petitioner’s motion for discharge. Therefore, the writ of prohibition is denied and the rule nisi heretofore entered is dissolved.
JOHNSON, J., concurs specially.
RAWLS, J., concurs in part and dissents in part.