275 So.2d 238 (1973)
Freddie Eugene ALLEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 43063.
Supreme Court of Florida.
March 21, 1973.
*239 John W. Watson, III, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
ERVIN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 267 So.2d 689. The District Court has certified its decision as one passing on questions of great public interest, to wit:
"1. Where a person is arrested for a capital offense and taken into custody, does the fact that the regular grand jury will not convene within the 180 day period such as to allow an indictment to be returned and the accused tried within that 180 day period constitute exceptional circumstances within the meaning of Rule 3.191(f) so as to allow an extension under (d) (2) of the 180 day period within which an accused must normally be brought to trial?
"2. Does the November 1, 1971 deadline of Rule 3.191(i)(2) schedule, for persons released on bail or otherwise apply only to persons taken into custody prior to the effective date (March 1, 1971) of Rule 3.191, or does that November 1, 1971 deadline apply also to persons (released on bail or otherwise) who were taken into custody after March 1, 1971?"
We have accepted jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, F.S.A.
The pertinent facts in this case are accurately and concisely stated in the District Court's opinion as follows:
"Petitioner was arrested on June 1, 1971. Preliminary hearing was held on July 21, 1971, probable cause was found, and he was bound over to the circuit court. Bail bond was set at $5,000 and he was released on August 16, 1971. On November 3, 1971, petitioner was indicted by the grand jury on charges of rape. On December 2, 1971, petitioner's defense counsel filed on his behalf a motion for discharge contending that 180 days had elapsed since petitioner had been taken into custody on the charges pending and that he had not yet been brought to trial, in violation of the Florida Supreme Court's speedy trial rule 3.191, Rules of Criminal Procedure, 33 F.S.A. In said motion for discharge, petitioner alleged that no order for continuance had been entered and that the defendant had at all times been available for trial.

*240 "The motion for discharge was denied on December 10, 1971, and trial was set for January 26, 1972. The order denying discharge was founded on the trial court's ruling that the 180-day time period provided by rule 3.191(a)(1) does not commence to run until the defendant has been formally charged by indictment, information, or trial affidavit." State ex rel. Allen v. Taylor, 267 So.2d 689 (Fla. App. 1972), at 690.
Petitioner filed a suggestion for writ of prohibition in the District Court of Appeal, seeking to prohibit the trial court from proceeding with the trial. The District Court first addressed itself to the problem of when the 180-day time period provided in Rule 3.191(a)(1), Cr.Pr., 33 F.S.A., commenced. Because the crime involved was a felony, and since the petitioner had made no demand for a speedy trial, the District Court correctly held that the 180-day time period commenced from the date the Petitioner was taken into custody. The language of Rule 3.191(a)(1), Cr.Pr., is specific:
"The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged."
Cf. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971). We are also in agreement with the District Court's holding that Petitioner's bail release did not serve to waive the time requirements of the Rule. The remaining language in that subsection encompasses such a circumstance and any exception under (i) (2) is not applicable to Petitioner's cause, as explained infra.
Unfortunately, the District Court went awry in calculating the effective date of Rule 3.191 Cr.Pr., so as to apply the 180-day time period. Judge Rawls in the dissenting portion of this opinion succinctly and correctly set forth the Petitioner's position:
"Rule 3.191(i)(1), F.R.Cr.P., clearly provides:
`(i) Schedule (1) This Rule shall be effective and govern the trial dates of all persons taken into custody after 12:01 a.m., on March 1, 1971 ...'
"There the irrebuttable syllogism is: This defendant is a person; he was taken into custody on June 1, 1971, a date that occurred long after March 1, 1971; therefore, the cited Rule is applicable to him. Judge Spector's excursion into the provisions of subsection (2) of the cited Rule is clearly not material to the uncontroverted dates pertaining to this defendant. Subsection (2) states, inter alia: `The trial of all persons taken into custody prior to the effective date of this rule shall commence on or before September 27, 1971, ... If a person is released upon bail or otherwise, and makes no demand for speedy trial, the trial of such person shall commence on or before November 1, 1971.' (Emphasis mine.) The subject defendant was not taken into custody prior to the subject date of this Rule; ergo, the provisions of subsection (2) are not applicable to him." State ex rel. Allen v. Taylor, supra, 267 So.2d at 692.
Judge Rawls has thus answered the second certified question presented for determination, to wit: The November 1, 1971, deadline of Rule 3.191(i)(2), Cr.Pr., applies only to persons taken into custody prior to the effective date (March 1, 1971).
When Petitioner was arrested (June 1, 1971), the grand jury was not in session, having been dismissed on May 25, 1971, and not scheduled to reconvene until November 1, 1971. On November 3, 1971, the Petitioner was indicted. Under the provisions of Rule 3.191(a) and (i), as discussed supra, his trial should have commenced prior to November 29, 1971 (180 days from June 1, 1971). The trial court ordered the trial to be held on January 26, *241 1972. Since the regular grand jury did convene within the 180-day period, the question of great public interest is not the one certified by the District Court, but rather that issue put forth by Judge Rawls:
"Where a person is arrested upon a capital offense and taken into custody, does the fact that a grand jury is not convened for a number of months subsequently constitute exceptional circumstances within the meaning of Rule 3.191(f), F.R.Cr.P., as promulgated by the Supreme Court of Florida?" State ex rel. Allen v. Taylor, supra, at 693.
The Petitioner could have been brought to trial within the twenty-five days following the grand jury indictment. We can only surmise that the delayed trial date was the result of congestion in the court's docket or a lack of preparation and diligent prosecution by the State. These conditions may have been aggravated by the fact that the grand jury did not convene until shortly before the expiration of the 180-day time period. However, the letter of Rule 3.191(f), Cr.Pr., encompasses and excludes the former conditions as constituting "exceptional circumstances," and the spirit of the Rule dictates that a grand jury's untimely convention should not serve to prevent a speedy trial. Such a circumstance is an "avoidable or forseeable delay" within the language of that subsection. The trial court could have recalled the grand jury. See Section 905.09, F.S.A. Perhaps a rescheduling of Jefferson County's Grand Jury terms would serve to alleviate such delay. Petitioner was not responsible for these delays and he should have been afforded a speedy trial. Petitioner's motion for discharge was timely filed and should have been granted. Rule 3.191(a)(1) and (d)(1), Cr.Pr.
Accordingly, the decision of the First District Court of Appeal is quashed and the cause is remanded to the District Court with instructions to remand the cause to the trial court for the entry of an appropriate order releasing and discharging the Petitioner.
CARLTON, C.J., and BOYD and McCAIN, JJ., concur.
ROBERTS, ADKINS and DEKLE, JJ., dissent.