299 So.2d 618 (1974)
Oakley Riley GRIFFITH, Appellant,
v.
STATE of Florida, Appellee.
No. 74-112.
District Court of Appeal of Florida, Second District.
September 6, 1974.
*619 Peavyhouse, Giglio & Grant, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant appeals an order denying his release under the Speedy Trial Rule, Rule 3.191, FRCrP.
Appellant was arrested on July 10, 1973. Trial was set for November 12, 1973; however, the record is devoid of any proceedings occurring on that date. The cause came on for trial on December 10, 1973, at which time the appellant's attorney was granted a continuance until December 14. On December 14, appellant's attorney again requested a continuance for possible plea negotiations. Such continuance was granted for seven days.
On December 26, 1973, the trial was reset for January 7, 1974. One hundred eighty-one days elapsed between July 10, 1973 and January 7, 1974. The 180th day from appellant's arrest fell on a Sunday, January 6, 1974. Prior to trial on January 7, 1974, appellant's attorney orally moved for discharge pursuant to Rule 3.191, FRCrP. At this time the trial court denied appellant's motion for discharge. During this court appearance appellant's attorney announced to the court that appellant has discharged him. Subsequently, on January 14, 1974, the appellant entered a plea of nolo contendere, preserving the right to appeal the question of whether or not he had been denied a speedy trial.
The first question presented is whether or not under Criminal Procedure Rule 3.191(d)(1) it is mandatory that the motion for discharge be filed in writing.[1] Although the rule requires that the motion shall be filed and served, in all fairness to the appellant for the purposes of this appeal we will deem that his motion was timely filed.
Next, the State contends that because the 180th day fell on a Sunday the time in which the appellant could be brought to trial under the rule was extended to the following day, January 7, 1974. We agree with the State that when the 180th day falls on a Sunday the time is extended until the next day unless it is a legal holiday. Rule 3.040, FRCrP.
On Monday, January 7, 1974, the appellant took it upon himself to discharge his attorney which necessitated extending the disposition of his case until January 14, 1974.
In any event, the appellant through his counsel is chargeable under Criminal Procedure Rule 3.191 with the 11-day delay caused by his request for the two continuances outlined above. Swanson v. Love, Fla.App.2d 1974, 290 So.2d 112. When the 11-day delay is added to the 180 days, the last permissible trial date would have fallen on January 17, 1974.
For the foregoing reasons the order denying appellant's discharge is hereby
Affirmed.
McNULTY, J., and JOANOS, JAMES E., Associate Judge, concur.
NOTES
[1] "A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for discharge filed before expiration of the period of time for trial shall be deemed effective only as of the date of expiration of the period of time for trial.