327 So.2d 51 (1976)
The STATE of Florida Upon the Relation of David Lee WILLIAMS and James H. Williams, Petitioners,
v.
J. Donald BRUCE, As Judge of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Respondent.
Nos. AA-366 and AA-417.
District Court of Appeal of Florida, First District.
January 21, 1976.
Rehearing Denied March 11, 1976.
Louis O. Frost, Jr., Public Defender, Craig Williams, Asst. Public Defender, for petitioners.
*52 Robert L. Shevin, Atty. Gen., and George Georgieff, Asst. Atty. Gen., for respondent.
BOYER, Chief Judge.
Relator, David Lee Williams, filed in this Court a Suggestion for Writ of Prohibition in which he contended that he could not be tried for the offense for which he was charged in the Circuit Court of Duval County, alleging that his right to speedy trial had been violated. We issued Rule Nisi. Thereafter, Relator, James H. Williams, Jr., filed an identical suggestion resulting in his case being consolidated with that of Relator David Lee Williams, all parties having consented to the consolidation. The sole issue for our determination is whether or not Rule 3.040, RCrP is applicable in computing the time period under the "Speedy Trial Rule", Rule 3.191, RCrP. That query does not appear to have been explicitly answered by any reported decision.
Rule 3.191(a)(1), RCrP provides in material part as follows:
"The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged."
The Supreme Court of Florida has clearly and explicitly held that the above cited portion of the rule means what it says and that when the crime involved is a felony the 180 day time period provided in the rule commences to run "from the date the Petitioner was taken into custody". (Allen v. State, Sup.Ct.Fla. 1973, 275 So.2d 238) The issue is, however, whether, in the computation of said 180 day period, the day that the person charged with the crime is taken into custody shall be included or whether the time period shall commence to run on the date following the date such person is taken into custody. Rule 3.040, RCrP appears to us to answer that question as explicitly as the English language will permit. That rule provides in material part as follows:
"In computing any period of time prescribed or allowed by these rules, except Rule 3.130, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday." (Emphasis added)
We therefore hold that in computing the "speedy trial period" provided by Rule 3.191, RCrP, the date that the person charged is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged shall not be included.
As Rule 3.040, RCrP specifically provides, the last date of the period so computed shall be counted, unless it is Saturday, Sunday or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or a legal holiday. (Allen v. State, supra and Griffith v. State, Fla. App.2d 1974, 299 So.2d 618)
Petitioners have cited to us several of our own decisions and decisions of other appellate courts wherein the computations therein recited lead to the conclusion that the day the persons there charged were taken into custody was included in the periods computed in those cases. We have examined each of those cases and find that there the date of commencement of computation of the periods involved was not an issue, therefore those cases are not controlling. Insofar as those cases might be construed as being in conflict herewith, we recede therefrom.
It having been made to appear that upon application of Rule 3.040, RCrP, the "180 Rule" was not violated in either of the cases here before us, we determine that Rule Nisi was improvidently issued: The same are therefore hereby discharged and petitioners' Suggestions for Writ of Prohibition are denied.
RAWLS and McCORD, JJ., concur.