PER CURIAM.
The appellant, brings this appeal from the circuit court’s order denying a writ of prohibition challenging that the appellant had not been brought to trial within 90 days as required by Fla.R.Crim.P. 8.191(a)(1). The appellant was arrested on several charges of selling obscene materials, in violation of Florida Statute 847.011 (1975), each charge a misdemeanor. Although the appellant asserts that speedy trial time begins with each of his several arrests, we conceive that the speedy trial time began on November 24, 1975, when all charges against the appellant were transferred at his request from municipal court to county court in order to provide him a jury trial. On Monday, February 23, 1976, 91 days after the cause was transferred to the county court, the appellant filed a motion for discharge alleging violation of the speedy trial rule.
The trial court was correct in denying the appellant’s motion for discharge. Although the motion was filed 91 days after the cause was transferred to county court, the 90th day was a Sunday. As we stated in State ex rel. Williams v. Bruce, 327 So.2d 51, 52 (Fla. 1st DCA 1976), Fla.Rule Crim.P. 3.040 applies. The last date of the speedy .trial period was on Monday, February 23, 1976, the date the appellant was scheduled for trial and the date he filed the motion for discharge. See also Griffith v. State, 299 So.2d 618 (Fla. 2nd DCA 1974).
AFFIRMED.
McCORD, Acting C. J., DREW, E. HARRIS, and MASON, ERNEST E. (Retired), Associate Judges, concur.