PER CURIAM.
Petitioner seeks a writ of prohibition to prevent the court below from bringing him to trial beyond the speedy trial period.
Petitioner was arrested on November 28, 1983, and charged with a strong-arm robbery. The State filed a petition in juvenile court charging petitioner with that offense. However, on January 4, 1984, the state attorney nol-prossed the juvenile case and filed an information charging petitioner as an adult. Judge Adams issued a felony warrant in Belle Glade and petitioner was rearrested. On February 16, 1984, at the arraignment before Judge Adams, an assistant public defender orally entered a plea of not guilty and said that he waived jury trial on behalf of petitioner. Petitioner did not execute a written waiver of jury trial and the court did not conduct an examination of petitioner to determine whether or not he voluntarily and intelligently waived jury trial. Also on February 16, the trial judge set the case on the March 29,1984 non-jury trial docket. On March 8, 1984, petitioner’s counsel filed a notice of election to have the case transferred to West Palm Beach and requested a jury trial. On March 16th, Judge Adams transferred the case to West Palm Beach. The court promptly set the case for jury trial with a calendar call scheduled for May 25, *801 1984. The record is silent as to what activity, if any, occurred between March 16 and May 25th. On May 25th petitioner announced ready for trial but the State requested a continuance because it had not issued its witness subpoenas. On June 1, 1984, petitioner filed his motion for discharge under the speedy trial rule. The court granted the State a week to respond and on June 8th, after an additional hearing, the court ruled that the notice of election to transfer the case to West Palm Beach constituted a defense continuance waiving his right to speedy trial.
Petitioner contends that his notice of election to transfer the case to West Palm Beach and his demand for jury trial should not be construed as a defense continuance which waived his speedy trial rights. We agree.
Respondent relies on Atkins v. State, 265 So.2d 72 (Fla. 3d DCA 1972) and Barlow v. State, 345 So.2d 758 (Fla. 1st DCA 1977) to support the trial court’s determination that the petitioner’s actions constituted a defense continuance which resulted in a waiver of his right to speedy trial. We find both of these cases distinguishable from the case sub judice. In Atkins, the defendant had made a valid waiver of jury trial which he subsequently withdrew and then requested jury trial. Here, petitioner did not validly waive his right to jury trial. See Williams v. State, 440 So.2d 1290 (Fla. 4th DCA 1983). In Barlow, the defendant requested transfer of his case from municipal court to county court; that is, a transfer from the jurisdiction of one court to another. Here, petitioner requested an in-tra-eourt transfer, pursuant to local administrative order.[1] Barlow made his request on the last day of the speedy trial period.
Petitioner had a fundamental right to trial by jury. He also had the option, pursuant to local administrative order, to have that trial take place in West Palm Beach. He exercised his right and his option at an early stage in the proceedings with ample time remaining in the speedy trial period. On the other hand, ten weeks after petitioner’s request for trial by jury in West Palm Beach, nine weeks after petitioner’s case was set on the trial calendar, and the 179th day of the speedy trial period, the State requested a continuance because it had not yet issued its witness subpoenas. The State has failed to demonstrate how petitioner’s request for jury trial in West Palm Beach constituted a delay chargeable to the accused as a defense continuance.
Accordingly, we remand this cause to the trial court with directions to discharge the petitioner and order his release from custody in this matter. We withhold formal issuance of the writ of prohibition since we are confident the trial court will follow the mandate of this court.
GLICKSTEIN and DELL, JJ., concur.
LETTS, J., dissents with opinion.

. ADMINISTRATIVE ORDER NO. 1.006-1/80 Circuit Court Criminal
Normally, all felony jury trials are held at the main courthouse in West Palm Beach; however, where the situs of the crime is within the Glades Jury District, defendant’s counsel may request a jury trial at the Glades Annex. In all such cases, the Clerk shall furnish defendant’s counsel with form of "Notice and Preference re Jury District," which form shall be signed and filed by him no later than fifteen days after the case is set for trial.