## STATE OF FLORIDA v McCONNELL
### Case No. CJAP85-87.
Ninth Judicial Circuit, Orange County
October 21, 1986

### APPEARANCES OF COUNSEL

**Daniel Berman,** Assistant State Attorney, for appellant.
**Kelly Sims,** Assistant Public Defender, for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

The issue is whether the trial court erred in granting the Motion to Discharge based upon Speedy Trial Rule after Defendant requested a Motion to Transfer, which was not mandated by local administrative order or executed for the exercise of any fundamental right.

The Defendant was arrested on August 23, 1985 for Driving Under the Influence, Fleeing and Attempting to Elude and Driving While License Suspended. The cases were assigned to the Traffic Division, Subdivision 82. At the pretrial conference on October 16, 1985, Defendant announced ready for trial and trial was set for a day certain on October 24, 1985. On October 22, 1985, the Defendant filed a Motion to Transfer all traffic charges to the Criminal Division, Subdivision 60, where a misdemeanor charge of Resisting an Officer without Violence arising out of the same event, was set for trial on October 28, 1985. The Defendant's asserted ground for the Motion was that a local administrative order required companion cases pending in one division to be transferred to the division with the lowest case number against the Defendant. The State Attorney's office was not given notice of this hearing.

On October 22, 1985, all traffic cases were transferred to the Criminal Justice Division. On October 24, two days after the transfer of the traffic cases, the Defendant pled guilty to the misdemeanor charge. A new trial date was set for the traffic charges for December 9, 1985. On December 4, Defendant filed a Motion to Discharge asserting that the ninety-day speedy trial period had expired. *Fla. R. Crim. P.,* 3.191(i). The Motion was granted and the State appealed.

The State contends that the Defendant waived her right to a speedy trial when counsel moved to transfer the traffic court cases to the Criminal Justice Division. The Court granted the Motion to Transfer pursuant to defense's contention that the transfer was mandated by the Court's administrative rules. This assertion is not valid. The Ninth Circuit administrative rules do not require companion cases, pending in different divisions, to be reassigned to the same division. The rules require companion cases, in the same division but different subdivisions, be reassigned to the same subdivision.

The Defendant transferred cases from Subdivision 82 in the Traffic Division to Subdivision 60 in the Criminal Justice Division. The administrative rules do not mandate reassignment of companion cases in different divisions. Thus, the request for transfer of cases between divisions was an election made by the Defendant to coordinate the defense and not pursuant to an administrative order.

In *Barlow v. State,* 345 So.2d 758 (Fla. 1st D.C.A. 1977), the

defendant requested a transfer from Municipal Court to County Court to obtain a jury trial, after he had validly waived his right to a jury trial and accepted a nonjury trial date. The defendant's motion to transfer was equivalent to a defense continuance, as the defendant's request for a jury trial caused the delay. In the instant case, the Defendant exercised her discretion to move for a transfer two days before trial. Consistent with *Barlow*, the Defendant took affirmative action which resulted in delay, and the Defendant should be charged with that delay.

In *Peavy v. Judge*, 454 So.2d 800 (Fla. 4th D.C.A. 1984), the court held that waiver cannot be assigned to the defendant when legitimate exercise of his fundamental or administrative rights result in delay. In the instant case, the Defendant moved under the pretense of an administrative order to join companion cases. Unlike the circumstances in *Peavy*, the motion was not made to exercise any administrative or fundamental right. The Defendant neither transferred to obtain a jury trial nor to coordinate her defense since the Defendant pled guilty two days after the transfer.

Defendant contends that the *Peavy* court declined to charge the defendant with a continuance because the transfer was intrajurisdictional as opposed to the interjurisdictional transfer in *Barlow*. The court did make the distinction, but did not base its ruling on it. A decision wholly on such a basis would be arbitrary, ignoring that the same administrative delays can result from both interjurisdictional and intrajurisdictional transfers. To allow intrajurisdictional transfers without assigning delay would encourage procedural maneuvering.

Any delay charged to the Defendant, resulting in the expiration of the speedy trial period, constitutes a waiver of the right to a "speedy trial" within the statutory period. *State v. Brown*, 394 So.2d 218 (Fla. 5th D.C.A. 1981). The Defendant's Motion to Transfer was equivalent to a defense continuance and the waiver of the speedy trial within the ninety-day period.

REVERSED AND REMANDED for trial.