SCHEB, Judge,
dissenting.
I respectfully dissent.
I am not persuaded that the ten days granted to appellee to file motions attacking the information amounted to a continuance under Fla.R.Crim.P. 3.191(d)(3). This subsection says in part:
If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interest of justice; provided, however, trial shall be scheduled and commence within 90 days. (Emphasis added.)
The majority views the time granted as a continuance, and, therefore, implicitly finds the ten-day delay was “not excused” within the meaning of the Rule. If the record supported this implicit finding, I would concur in the majority opinion; however, I cannot find that it does.
Here the public defender was officially appointed to represent appellee on January 10, 1977, the day on which appellee was arraigned before the Honorable John H. Shearer, Jr., Circuit Judge. The public defender requested and Judge Shearer granted a ten-day period for the defense to attack the sufficiency of the state’s information.
Florida R.Crim.P. 3.191(d)(2) states:
The periods of time established by this Rule for trial may at any time be waived or extended by order of the court . (iv) a period of reasonable and necessary delay resulting from proceedings includ- ■ ing but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused. (Emphasis added.)
Under the circumstances, I think the public defender’s request was “reasonable and necessary.” I, therefore, conclude that the ten-day period granted by the court was excusable and did not constitute a continuance under (d)(3).
When Judge Shearer granted the ten-day period to the public defender, the state requested that the speedy-trial time be “tolled.” I interpret this to mean that the state felt it was entitled under (d)(2) to have ten days added to the period of time in which it was allowed to bring appellee to trial. Judge Shearer denied the state’s request. I think this denial was error. The granting of the ten-day period to file motions attacking the information effectively precluded the state from bringing appellee to trial, since the ten-day period was all that remained of the speedy-trial time. It would be senseless to expect the state to bring a defendant to trial when he is still in a position to attack the charges upon which the trial is based.[1]
If the speedy-trial time had been extended by ten days, as I suggest it should have been, it would have expired January 29, 1977, instead of January 19. Then appel-lee’s motion for discharge, made on January 20, would have been premature and should have been held in abeyance until after expiration of the speedy-trial time as extended, i.e., January 30. Fla.R.Crim.P. 3.191(d)(1).
*452 On January 21 the state moved to reassign the case to another circuit judge, Honorable Jack R. Schoonover, for trial on January 27. The assistant state attorney who filed the motion stated that Judge Schoon-over had personally informed him of his availability to hear this case on that day. The state’s motion came on for hearing before Honorable Thomas W. Shands, Circuit Judge, on January 24. At that time Judge Shands refused to grant the motion for reassignment and advancement because appellee’s motion for discharge was pending. Judge Shands made no determination at that point as to whether a trial judge was available to hear the case on the date requested by the state. I think this was also error, since appellee’s motion for discharge was, in effect, filed prematurely.
Another question remains: Could appel-lee have been required to go to trial by having his trial date advanced on such short notice? The state by its own inaction cannot force a defendant to choose between accepting a speedy trial and thereby waiving his right to discovery and preparation of his case, or waiving speedy trial and thereby obtaining the right to discovery and preparation. See State v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975). The trial court did not answer this question.
In sum, I would hold it was an abuse of discretion by the trial court not to extend the speedy-trial time for at least the ten-day period granted appellee to file motions after his arraignment. I would remand to the trial court to determine whether a trial judge was available to try the case on January 27, and, if so, whether appellee could have reasonably been expected to go to trial on that date. If these questions were answered affirmatively, appellee should be scheduled for trial. If either were answered negatively, then appellee should be discharged.

. In most instances an arraignment occurs nearer the beginning of the speedy-trial time. There the trial judge must be given considerable discretion in deciding if the speedy-trial period is to be extended or not.