320 So.2d 880 (1975)
STATE of Florida ex rel. Robert Clark, WRIGHT, Relator,
v.
Theron A. YAWN, Jr., As Judge of the Circuit Court of the Eighth Judicial Circuit Court, in and for Alachua County, Florida, Respondent.
No. Y-546.
District Court of Appeal of Florida, First District.
September 10, 1975.
Mack S. Futch, Public Defender, and Gary R. Dunham, Asst. Public Defender, for relator.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for respondent.
RAWLS, Acting Chief Judge.
Relator, Robert Clark Wright, has filed in this Court a Suggestion for Writ of Prohibition in which he contends that he cannot be tried for sexual battery as his right to speedy trial has been violated. We issued the Rule, the Return was filed, and oral argument was heard.
On November 24, 1974, Wright was arrested on a charge of sexual battery. A preliminary hearing was held on November 27, 1974, in which County Judge Margaret Kathleen Wright found that while the proof of Wright's guilt is not evident nor the presumption great, nevertheless there was probable cause and that Wright should be bound over to the Circuit Court. Judge Wright set bond in the amount of $20,000.00, and Wright posted said bond on December 20, 1974, at which time he was released from jail. No further action was taken by the state until April 15, 1975, when an Alachua County Grand Jury indicted Wright for sexual battery.
*881 We pause at this juncture to emphasize two facts. First, 142 days elapsed between Wright's arrest and his subsequent indictment by the grand jury. While these 142 days were passing, several grand juries having jurisdiction convened in Alachua County, but none acted on the charge against Wright. Second, sexual battery is not an offense for which a grand jury indictment is required by Florida Rule of Criminal Procedure 3.140, and during any one of the 142 days, the state attorney could have filed an information on the charge.
Upon being indicted on April 15, 1975, Wright found himself faced with a Hobson's choice. Pursuant to Florida Rule of Criminal Procedure 3.191(a)(1), if Wright remained "continuously ready and available", the state had 38 days, i.e., until on or before May 22, 1975, to bring Wright to trial or discharge him. The same Criminal Rules at Rule 3.220 provide procedures whereby a person such as Wright, accused of a crime, can avail himself of discovery for the purpose of preparing for his defense. However, the Florida Supreme Court has recently held that if a defendant is still in the process of engaging in discovery, he is not "continuously ready and available for trial", and thus cannot avail himself of the speedy trial provisions of F.R.Cr.P. 3.191(a)(1).[1] Since only 38 days remained until the running of the time for a speedy trial,[2] if Wright chose to engage in any discovery to prepare for his defense, the chances were great that the discovery procedure would not be complete at the end of the 38 days, and Wright under the provisions of F.R.Cr.P. 3.220 would not be able to avail himself of the speedy trial provisions of F.R.Cr.P. 3.191.
What transpired after the April 15th indictment was a valid but fruitless effort on Wright's part to prepare himself for trial on or before May 22, 1975.[3] Wright was scheduled for arraignment on April 21, 1975, but on April 18, 1975, he entered a written plea of not guilty. Likewise, on April 18, 1975, he filed a demand for written discovery pursuant to F.R.Cr.P. 3.220(a). Wright's trial was initially scheduled for the trial docket beginning the week of July 21, 1975, which was well after the time for speedy trial had run. On April 21, 1975, the state filed a motion to set advance trial date noting that the time for speedy trial pursuant to F.R.Cr.P. 3.191(a)(1) was going to run on May 22, 1975. A hearing was held on this motion on April 29, 1975, at which time trial was ordered to be scheduled on the May trial docket. At this hearing, Wright's attorney objected that he would have only 19 days to prepare for trial and noted that the state had not furnished Wright with a copy of the witness list or other information which he had requested pursuant to F.R.Cr.P. 3.220. After the hearing on April 29, the state furnished Wright's counsel with the information which he had demanded in the discovery proceedings. Wright's counsel immediately set down the six witnesses whose names were supplied by the state for depositions on May 7, 1975. Upon taking these depositions on May 7, Wright's counsel learned the names of six other persons who had information relevant to the offense, and whose names had not been furnished by the state in its original answer to the discovery demand. It was also learned that a latent fingerprint had been lifted from the scene of the alleged crime, and this fingerprint had been successfully matched to that of Wright's by a fingerprint expert from the Gainesville Police Department. Wright's counsel immediately scheduled for May 20, 1975, discovery depositions of the six newly discovered witnesses. On the same date, Wright's counsel filed three motions which *882 were: 1) to authorize cost of an independent fingerprint examination; 2) motion to compel discovery of the correct full names and addresses of two witnesses mentioned at the depositions on May 7, 1975; and 3) a motion to continue without prejudice to the defendant's (relator's) right to speedy trial. A hearing was held on all three of these motions on May 19, 1975, at which time the state and Wright's attorney stipulated that an expert from the Florida Department of Criminal Law Enforcement would act as an independent fingerprint examiner for purposes of Wright's motion on that matter; and that the state would furnish Wright with the requested information concerning the two witnesses and that the witnesses would be available for discovery depositions prior to trial. A decision of the speedy trial motion was deferred until a hearing to be held just prior to trial.
The cases which were set for the May trial term were scheduled for Docket Day on May 12, 1975. The assistant state attorney was present at Docket Day as well as was counsel for Wright. When Wright's case was called, it was scheduled for May 27, 1975, without any objection from the state and without asking for an extension of time beyond the normal 180-day time. On May 23, after the time for speedy trial had run pursuant to F.R.Cr.P. 3.191(a)(1), Wright filed his motion for discharge. The motion for discharge was denied by the trial judge on the basis that Wright was still engaging in discovery procedures and was not "continuously ready and available for trial" as outlined in Rubiera v. Dade County ex rel. Benitez, supra.
As revealed by the above, Wright attempted to beat the Hobson's choice but found himself caught in a "squeeze play". While we recognize the Supreme Court's holding in the Rubiera case and agree with it in a situation where a defendant has had ample time between the filing of an indictment or information to engage in discovery procedures, we do not feel that the instant cause is controlled by Rubiera. The state, through its own inaction by failing for 142 days to return either an indictment or an information against a person, cannot force a defendant to choose between two coequal rights. While the Florida Rules of Criminal Procedure have in recent years been given great emphasis as to an accused's right to speedy trial and discovery, we cannot forget that these rights are ultimately protected by our State and Federal Constitutions.[4] We hold that Wright has been denied his right to speedy trial.[5]
The Writ of Prohibition is made absolute and respondent is hereby prohibited from taking further action in the above styled cause.
McCORD, J., and SMITH, SAMUEL S., Associate Judge, concur.
NOTES
[1] Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974).
[2] Florida Rule of Criminal Procedure 3.191 (a)(1).
[3] This date is 180 days after Wright was taken into custody. Florida Rule of Criminas Procedure 3.191(a)(1).
[4] Article I, Section 16, Florida Constitution; and Sixth Amendment, Constitution of the United States.
[5] Florida Rule of Criminal Procedure 3.191 (a)(1); Article I, Section 16, Florida Constitution; and Sixth Amendment, Constitution of the United States.