350 So.2d 784 (1977)
Paul MULRYAN, Petitioner,
v.
JUDGE, DIVISION "C" CIRCUIT COURT OF OKALOOSA COUNTY, Florida, Respondent.
No. HH-57.
District Court of Appeal of Florida, First District.
August 31, 1977.
Rehearing Denied October 21, 1977.
David A. Pascoe, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., and Erwin Fleet, Circuit Court Judge, for respondent.
PER CURIAM.
Petitioner filed a Petition for Writ of Prohibition. A prima facie case having been alleged, we issued Rule Nisi. Respondent has filed his response and oral argument has been heard. The facts are not in dispute.
Mulryan was arrested and charged with possession of stolen property on January 18, 1977. An information was filed on February 15, 1977, charging him with the offenses of possession of stolen property and aggravated battery. The charges were severed and Mulryan was acquitted on the aggravated battery charge. Trial on the charge of possession of stolen property was set for July 8, 1977. Three days prior to trial, viz: On July 5, 1977, the State filed an amended information (without motion or order of court) charging Mulryan in Count I with burglary and in Count II with grand larceny. The amended information was filed 168 days after Mulryan had been taken into custody and 12 days before expiration of the "speedy trial period" which would have expired on July 17, 1977. Defense counsel moved for a continuance chargeable to the State on the basis that the new charges contained entirely different elements which required different proof, urging that additional depositions would have to be taken in order to prepare for a defense on the new charges. The trial judge granted the motion for continuance but ordered that the continuance tolled the speedy trial period. The defense did not request a continuance for any particular period of time and apparently there was no effort on the part of the trial court to reschedule the trial prior to July 17, 1977, the date of the expiration of the speedy trial period, as aforesaid.
After the expiration of 180 days following Mulryan's arrest, the Petition for Writ of Prohibition was filed in this Court.
There is no question but that the amendment to the information changing the offense charged from possession of stolen property to burglary and grand larceny was *785 a material change. Indeed, the record reveals that the trial court observed "We have changed the name of the ball game here. You have gone from baseball to football based upon the charges you've got."
This subject, in varying contexts, has received extensive treatment by the appellate courts. Somewhat analogous is Allen v. State, 275 So.2d 238 (Fla. 1973), wherein the defendant was arrested on June 1, 1971, but was not indicted by the Grand Jury until November 3, 1971, 166 days after his arrest. Trial date was set for December 2, 1971, which was beyond the expiration of 180 days from the date of the defendant's arrest. In discharging Allen, the Supreme Court of Florida held that the defendant was not responsible for the delay.
In State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla.1st DCA 1975), this Court held that where the State failed for 142 days to return either an indictment or information, the defendant was presented with a Hobson's choice, viz: to either seek a continuance in order to adequately prepare for trial or to go to trial without preparation within the 180 day speedy trial period. We concluded that a defendant could not be forced to make such a choice at his peril and our Writ of Prohibition was made absolute.
We also held in Bryant v. Blount, 261 So.2d 847 (Fla.1st DCA 1972), that the State is prohibited from extending the times designated in the rule within which a person accused of a crime must be tried by the mere expedient of preferring new or different charges based upon the same conduct.
Our Rule Nisi is hereby made absolute. Petitioner, Paul Mulryan, shall be forthwith discharged from prosecution or incarceration under or on account of the amended information hereinabove mentioned.
IT IS SO ORDERED.
McCORD, C.J., and RAWLS and BOYER, JJ., concur.

ON PETITION FOR REHEARING
BOYER, Judge.
By petition for rehearing the respondent urges that we have overlooked or failed to consider, or are in conflict with, Sumbry v. State, 310 So.2d 445 (Fla. 2nd DCA 1975). We have accordingly again carefully considered the holding of that case and conclude that our decision here does not directly collide therewith. We are yet of the view that our decision in this case is controlled by a literal reading of Fla.R.Crim.P. 3.171 as construed by the prior opinions of this court and the Supreme Court of Florida cited in our foregoing opinion. The petition for rehearing is therefore denied.
McCORD, C.J., and RAWLS, J., concur.