768 So.2d 1254 (2000)
STATE of Florida, Appellant,
v.
Juan NAVEIRA, Appellee.
No. 1D00-40.
District Court of Appeal of Florida, First District.
October 17, 2000.
Robert A. Butterworth, Attorney General; Bart Schneider, Assistant Attorney General, Tallahassee, for Appellant.
Erik Courtney, Miami, for Appellee.
LAWRENCE, Judge.
The State of Florida (State) appeals the granting of a motion for discharge filed by Juan Naveira (Naveira), pursuant to Florida Rule of Criminal Procedure 3.191 (Speedy Trial). We reverse.
*1255 Naveira was arrested for sexual battery and false imprisonment on February 25, 1999. He was charged, by information filed on August 19, 1999, with sexual battery upon a fourteen-year-old boy; this crime was alleged to have occurred on the day of Naveira's arrest in Leon County. The trial court, relying on rule 3.191, concluded that 176 days had elapsed between the date of arrest and the date upon which the information was filed. The trial judge, noting that this ruling was dispositive of the case, discharged Naveira from further prosecution. The sole issue presented is whether the day of arrest is counted in the calculation of the speedy-trial-rule time.
Rule 3.191 provides in relevant part:
Speedy Trial.
(a) Speedy Trial without Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (f), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged is a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p). The time periods established by this subdivision shall commence when the person is taken into custody as defined under subdivision (d). A person charged with a crime is entitled to the benefits of this rule whether the person is in custody in a jail or correctional institution of this state or a political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition. This subdivision shall cease to apply whenever a person files a valid demand for speedy trial under subdivision (b).
. . . .
(d) Custody. For purposes of this rule, a person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest.
(Emphasis added.) Florida Rule of Criminal Procedure 3.040 further provides:
Computation of Time. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day that is neither a Saturday, Sunday, nor legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation, except for the periods of time of less than 7 days contained in rules 3.130, 3.132(a) and (c), and 3.133(a).
(Emphasis added.) Rule 3.191 thus provides that the rule's time period commences when a defendant is taken into custody, and a defendant is taken into custody when arrested. Nothing in rule 3.191 is contradicted by the language of rule 3.040, directing the exclusion from the time calculation of "the day of the act or event from which the designated period of time begins to run." The language of rule 3.191, in fact, begs the very question answered by rule 3.040, the answer being that the date of arrest is excluded in the 175-day calculation of time, despite that the calculation commences from the date of arrest. The same issue was earlier decided by this court in State ex rel. Williams v. Bruce, 327 So.2d 51, 52 (Fla. 1st DCA 1976), where we said:
We therefore hold that in computing the "speedy trial period" provided by Rule 3.191, RCrP, the date that the person charged is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged shall not be included.

*1256 As Rule 3.040, RCrP specifically provides, the last date of the period so computed shall be counted, unless it is Saturday, Sunday or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or a legal holiday. (Allen v. State, supra[275 So.2d 238 (Fla. 1973)] and Griffith v. State, Fla.App.2d 1974, 299 So.2d 618).
The information against Naveira was therefore filed within the time allowed by the speedy-trial rule, because the day of arrest is excluded from the 175-day calculation of time by rule 3.040.[1] The court below thus erred in ruling to the contrary.
Naveira nevertheless relies on Williams v. State, 757 So.2d 597 (Fla. 5th DCA 2000) (reversing a conviction for delivery of cocaine and holding that the state could not avoid the effect of the speedy-trial rule by the actions of the police in "unarresting" the defendant). The Williams court said: "[T]he date of the original arrest is the focal point for speedy trial considerations.... A formal arrest ... is not always necessary.... However something more than an investigatory detention is required." Id. at 599. Williams is inapposite to the instant case; the issue there was not whether or not to count or exclude the day of arrest in the 175-day calculation, but rather, to define an "arrest" under the speedy-trial rule.
The court below as a matter of law incorrectly included the day of arrest in the calculation of time for purposes of the speedy-trial rule. We hence reverse and remand for consistent proceedings. In so doing, we do not address whether there may be other grounds for discharging Naveira. Although this collateral issue was briefly addressed below, the trial judge declined to rule after noting that her ruling with respect to calculation of the speedy-trial time was dispositive of the case. Moreover, the collateral issue was not addressed by either Naveira or the State on appeal.
REVERSED and REMANDED for consistent proceedings.
JOANOS and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] The recapture provisions of Rule 3.191(p) are not implicated because these provisions presuppose that an information or indictment has been filed within the initial 175 day time period.