807 So.2d 766 (2002)
STATE of Florida, Appellant,
v.
Juan NAVEIRA, Appellee.
No. 1D01-296.
District Court of Appeal of Florida, First District.
February 19, 2002.
Robert A. Butterworth, Attorney General; Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellant.
Kenneth P. Speiller, Miami, for Appellee.
*767 PER CURIAM.
In this criminal appeal, the state seeks review of an order granting appellee's motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191 (the "speedy trial" rule). Because we conclude that controlling precedent in this District establishes that the trial court did not err in charging the trial continuance to the state and granting the motion, we affirm.
Appellee was arrested for allegedly having committed two felonies. On the 175th day following appellee's arrest, the state filed an information charging one felony, and responded to a previously filed discovery demand. Appellee filed a motion arguing that he was entitled to discharge pursuant to rule 3.191 on either of two alternative grounds. The trial court granted the motion on one ground, without addressing the other. The state appealed, and this court reversed. State v. Naveira, 768 So.2d 1254 (Fla. 1st DCA 2000). On remand, appellee argued that he was entitled to discharge on the alternative ground not previously addressed by the trial court. Following a hearing, the trial court concluded that appellee was entitled to discharge because he had been forced to request a continuance as the result of the state's delay in filing the information and responding to the discovery demand and, therefore, the continuance should be charged to the state. This appeal follows.
The state argues that appellee waived his right to rely on remand on the alternative ground for discharge because he failed to raise that ground as an alternative basis for affirmance in the first appeal. Alternatively, it argues that the issue became moot following the first appeal because of rule 3.191(m), which extends the time within which a defendant must be brought to trial by 90 days following an appeal. We disagree. We are satisfied that the panel deciding the first appeal intended to permit the alternative ground for discharge to be considered on remand because the trial court had not previously addressed it. Therefore, appellee did not waive his right to raise that issue on remand, and the 90-day extension afforded by rule 3.191(m) would not come into play unless the trial court denied the motion for discharge.
On the merits, the trial court granted appellee's motion for continuance, finding that, because of the state's delay in filing the information and responding to the discovery demand, appellee could not be ready for trial within the recapture period afforded by rule 3.191(p). The trial court further found that the continuance should be charged to the state and, accordingly, granted the motion for discharge. Controlling precedent in this District establishes that the trial court did not err in charging the continuance to the state and discharging appellee. See State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975) (holding that the defendant was entitled to discharge where the state did not file an indictment until 142 days had passed since the defendant's arrest and the defendant could not adequately prepare for trial in the time remaining under the speedy trial rule on the ground that a defendant may not be forced to choose between the right to a speedy trial and the right to conduct discovery); Mulryan v. Judge, Division "C" Circuit Court of Okaloosa County, 350 So.2d 784 (Fla. 1st DCA 1977) (relying on Wright, and holding that the defendant was entitled to discharge where the state filed an amended information substantively changing the charges 12 days before the expiration of the speedy trial period and the defendant could not adequately prepare for trial in the time remaining pursuant to the rule). While these cases were decided before major amendments to the speedy trial rule, the amendments do not appear to affect the applicability of the principle for which *768 the cases stand. Accordingly, we affirm. In doing so, we note apparent conflict with State v. Fraser, 426 So.2d 46 (Fla. 5th DCA 1982).
AFFIRMED.
WEBSTER and BROWNING, JJ., concur; WOLF, J., concurs with written opinion.
WOLF, J., concurring.
I agree that controlling precedent from this district requires affirmance. Absent prior precedent, I would advocate for a position which would weigh the state's reason for a delay in filing charges against any prejudice to the defendant in determining whether to grant a motion to discharge. The supreme court should consider this criteria in resolving conflict between our case and State v. Fraser, 426 So.2d 46 (Fla. 5th DCA 1982).