873 So.2d 300 (2004)
STATE of Florida, Petitioner,
v.
Juan NAVEIRA, Respondent.
No. SC02-633.
Supreme Court of Florida.
April 22, 2004.
*302 Charles J. Crist, Jr., Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, FL, for Petitioner.
Erik Courtney, Miami, FL, for Respondent.
CANTERO, J.
This case involves the speedy trial rule. We must decide whether, when the State files a charging document on the last day of the speedy trial period and the defendant invokes his right to a speedy trial by filing a notice of expiration of the speedy trial period, but later moves for a continuance based on insufficient time to prepare for trial, the continuance should be charged to the State (thus discharging the defendant) or to the defendant. In the decision under review, the First District Court of Appeal held that the trial court properly discharged the defendant because he had been forced to request a continuance as the result of the State's delay in filing the information, and thus was not brought to trial within the speedy trial period. See State v. Naveira, 807 So.2d 766, 767 (Fla. 1st DCA 2002) (Naveira II). Its holding expressly and directly conflicts with State v. Fraser, 426 So.2d 46 (Fla. 5th DCA 1982), which held that the defendant was not entitled to discharge where he requested a continuance. We accepted jurisdiction to resolve the conflict. See art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we quash the First District's decision and hold that the defendant's right to speedy trial under rule 3.191, Florida Rules of Criminal Procedure, was not violated in this case where trial was scheduled within the rule's deadlines and the defendant sought a continuance because he was not prepared for trial.

I. FACTS
Respondent Juan Naveira was arrested for sexual battery and false imprisonment on February 25, 1999. On August 19, the 175th day after the arrest, the State filed an information charging Naveira with one count of sexual battery. Also on that day, the State responded to Naveira's previously filed demand for discovery. Five days later, Naveira filed a notice of expiration of speedy trial time under rule 3.191(p)(2), alleging that more than 175 days had elapsed since his arrest. Two days after that, the trial court held a hearing on Naveira's notice of expiration. The State explained that it had filed the information on the 175th day after arrest due to difficulty in contacting the victim, and that the delay was in no way attributable to Naveira. The State maintained, however, that the information was timely filed. The State then requested that trial be set for the following week. The defense argued that it could not be ready for trial the following week because the case involved a serious sexual battery charge and the defense had not had the opportunity to fully review the discovery. The trial court indicated that if the defense wished to move for a continuance, the continuance would probably be attributed to the State, but that the court would decide that issue the following week. The trial court then set the case for trial on August 30.
On August 27, Naveira filed a motion for continuance, arguing that it should be charged to the State. On September 9, Naveira filed a motion for discharge. The motion argued that more than fifteen days had elapsed since the filing of the notice of *303 expiration. On October 21, nunc pro tunc to September 14, the trial court granted Naveira's motion for continuance and ordered that it be charged to the State.
On December 8, the trial court held a hearing on Naveira's motion for discharge. The State argued that Naveira was entitled to the continuance but not the discharge. The court granted Naveira's motion for discharge in a written order, ruling only that "Rule 3.191(a) requires the discharge of a defendant if the information is not even filed until the 176th day, as was done in this case." The State appealed. The First District reversed and remanded. The court found that the date of arrest is excluded when calculating the deadline under the speedy trial rule. Therefore, the court held that the information was filed on the 175th day, not the 176th day, after his arrest, and thus the information was filed within the speedy trial period. State v. Naveira, 768 So.2d 1254, 1255 (Fla. 1st DCA 2000) (Naveira I). The court remanded for further proceedings, expressly not addressing "whether there may be other grounds for discharging Naveira." Id. at 1256.
On remand, Naveira again moved for discharge. The trial court granted the motion, finding that, based on two cases from the First District, "even without a showing of misconduct on the State's part, discharge under the speedy trial rule is appropriate where a late-filed information implicates the ability to prepare a defense." The State again appealed. The First District upheld the discharge based on its precedent. See State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975); Mulryan v. Judge, Division "C" Circuit Court of Okaloosa County, 350 So.2d 784 (Fla. 1st DCA 1977). Naveira II, 807 So.2d at 767-68. The State now seeks review of that decision.

II. DISCUSSION
The State raises two issues. We first address the State's argument that once the appellate court ruled in Naveira I and remanded the case to the trial court, the prior speedy trial deadlines no longer applied and under rule 3.191 the State automatically had another ninety days to bring Naveira to trial. We then address the State's argument that even if the prior speedy trial deadlines remained an issue, no speedy trial violation occurred because the State committed no misconduct and the only reason that Naveira was not tried within the speedy trial period was his own motion for continuance.

A. Ninety-Day Extension After Appeal
We first address what the State presents as its second issue because we believe it to be a threshold matter. The State claims that after its first appeal, it was automatically entitled to an additional ninety days to bring Naveira to trial under rule 3.191(m), Florida Rules of Criminal Procedure, and State v. Rohm, 645 So.2d 968 (Fla.1994) (holding that the ninety-day speedy trial period in rule 3.191(m) applies whenever a trial has been delayed by appeal). Rule 3.191(m) provides:
Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from a reviewing court that makes possible a new trial for the defendant, *304 whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).
In Naveira II, the First District disagreed with the State's argument that rule 3.191(m) applied on remand from Naveira I. The court noted:
The state argues that appellee waived his right to rely on remand on the alternative ground for discharge because he failed to raise that ground as an alternative basis for affirmance in the first appeal. Alternatively, it argues that the issue became moot following the first appeal because of rule 3.191(m), which extends the time within which a defendant must be brought to trial by 90 days following an appeal. We disagree. We are satisfied that the panel deciding the first appeal intended to permit the alternative ground for discharge to be considered on remand because the trial court had not previously addressed it. Therefore, appellee did not waive his right to raise that issue on remand, and the 90-day extension afforded by rule 3.191(m) would not come into play unless the trial court denied the motion for discharge.
807 So.2d at 767. The First District's conclusion was based on the portion of Naveira I that stated:
We hence reverse and remand for consistent proceedings. In so doing, we do not address whether there may be other grounds for discharging Naveira. Although this collateral issue was briefly addressed below, the trial judge declined to rule after noting that her ruling with respect to calculation of the speedy-trial time was dispositive of the case. Moreover, the collateral issue was not addressed by either Naveira or the State on appeal.
768 So.2d at 1256.
We agree with the First District's resolution of this issue. The State's argument effectively ignores the procedural posture of this case. Naveira had effectively argued two grounds for discharge: (1) that the State did not file the information until the 176th day after arrest (in the notice of expiration and subsequent hearings); and (2) that he was not brought to trial within fifteen days of filing the notice of expiration (in the motion for discharge and subsequent hearings). The trial court granted Naveira's motion for discharge based on the first ground, without addressing the second. Thus, the sole issue in Naveira I was "whether the day of arrest is counted in the calculation of the speedy-trial-rule time." 768 So.2d at 1255. The First District held it is not. Id. at 1255-56. The court did not address other possible grounds for discharge. Id. at 1256.
Therefore, when the First District remanded the case in Naveira I, the trial court had not yet ruled on Naveira's argument that he was not brought to trial within fifteen days under rule 3.191(p). Rule 3.191(m) does not apply in these circumstances. In other words, the automatic ninety-day extension after appeal in the rule does not apply where the appellate court has remanded a case in which the trial court has yet to rule on a defendant's motion for discharge alleging the speedy trial rule already had been violated before the appeal. Rule 3.191(m) grants the State 90 days after the appeal to bring the defendant to trial if the trial court finds no prior speedy trial violation.

B. Naveira's Speedy Trial Discharge
We now consider whether the trial court properly discharged Naveira under rule 3.191. We initially note that, by its terms, rule 3.191 governs only the *305 time for bringing a defendant to trial.[1] It does not address the deadline for filing the charging document itself. Previously, however, we have held that the State cannot wait until after the speedy trial period to charge a defendant. See State v. Williams, 791 So.2d 1088, 1091 (Fla.2001). The speedy trial period begins when a defendant is first taken into custody, not when charges are first filed. Genden v. Fuller, 648 So.2d 1183, 1184 (Fla.1994). By holding that an information filed on the 175th day does not violate the speedy trial rule, the court in Naveira I implicitly held that the State may file the charging document on the last day for bringing the defendant to trial. Our decision in Reed v. State, 649 So.2d 227 (Fla.1995), seems to authorize as much. In that case, while holding that the speedy trial time runs from date of arrest, not the date the defendant is charged, we also stated:
We recognize that under some circumstances there may be legitimate reasons why the State is not ready to file charges against a defendant who has previously been arrested. However, the State cannot simply wait and let the speedy trial time period run. The State's remedy would appear to be to file the charges before the expiration of the speedy trial time and seek an extension under the provisions of the speedy trial rule.
Id. at 229. Therefore, Reed implies that the State may file the information at any time before the speedy trial period expires. The First District, in Naveira II, also noted that the recapture provisions of rule 3.191(p) (allowing a defendant to be tried even after the speedy trial deadline) "presuppose that an information or indictment has been filed within the initial 175 day time period." 768 So.2d at 1256 n. 1. We confirm that the State may file a charging document at any time within the applicable speedy trial period. Under Williams, however, the State cannot charge the defendant after that period expires. Essentially, then, the speedy trial deadline also acts as the deadline for charging the defendant.
We now discuss the relevant subdivisions of rule 3.191 and then apply them to the facts of this case.

1. Relevant Subdivisions of Rule 3.191
Several subdivisions of rule 3.191 apply to our analysis. Rule 3.191(a) provides that a person charged with a crime by indictment or information "shall be brought to trial ... within 175 days if the crime charged is a felony." The time periods established by rule 3.191(a) commence when the person is taken into custody as defined under subdivision (d). Subdivision (d) provides that for purposes of the rule, a person is taken into custody "(1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged."
Although the rule requires the State to bring the defendant to trial within 175 days, the remedy for a violation (assuming the defendant is charged within the speedy trial period) is not an automatic discharge. Rather, when the deadline expires, a defendant may invoke the recapture provisions of rule 3.191(p). Rule 3.191(p)(2) provides that "[a]t any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled `Notice of Expiration of Speedy Trial Time,' and serve a copy on the prosecuting authority." The filing of such a *306 notice invokes two deadlines. First, rule 3.191(p)(3) provides that no later than five days from the date of the filing of the notice, the trial court shall hold a hearing on the notice. The rule further provides that the defendant be brought to trial within ten days unless one of the reasons set forth in subdivision (j) exists. Only when the defendant is not brought to trial within ten days and none of the reasons set forth in subdivision (j) exists may the defendant be discharged. Fla. R.Crim. P. 3.191(p)(3). In fact, the rule emphasizes that "[n]o remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j)." Fla. R.Crim. P. 3.191(p)(1). We must therefore analyze subdivision (j) as well.
Subdivision (j), entitled "Delay and Continuances; Effect on Motion," provides that a pending motion for discharge shall be granted by the court unless one of the following is shown:
(1) a time extension has been ordered under subdivision (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
Fla. R.Crim. P. 3.191(j) (emphasis added). As shown above, subdivision (j)(3) prohibits a discharge where "the accused was unavailable for trial under subdivision (k)." Subdivision (k) explains unavailability for trial. It provides in part that
[a] person is unavailable for trial if ... the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for in this rule is not entitled to be discharged. No presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused must establish, by competent proof, availability during the term.
Fla. R.Crim. P. 3.191(k) (emphases added).
To summarize the various applicable subdivisions of the rule: when the 175-day speedy trial period expires, the defendant is not automatically entitled to a discharge. Rather, the defendant may then invoke the rule by filing a notice of expiration of the speedy trial time. At that point, the court must hold a hearing within five days and then schedule a trial within ten days. If a trial is not held during that period, the defendant must be discharged unless one of the circumstances in subdivision (j) applies. One of those circumstances is the defendant's unavailability. Unavailability includes circumstances where either the defendant or defense counsel is not ready for trial on the date it is scheduled.

2. Application of Rule 3.191
Under the rule, the State was required to bring Naveira to trial within 175 days of his arrest. On the 175th day, the State filed the information and responded to Naveira's previous discovery request.[2]
*307 Naveira filed his notice of expiration of the speedy trial time on August 24, 1999. Under rule 3.191(p)(3), the trial court then held a hearing on the notice within five days and scheduled Naveira's trial within ten days. At this point, however, Naveira requested a continuance and argued that it should be "charged to the State" because the State delayed in filing the information. The trial court agreed, granted the continuance, and charged it to the State, even though the State was prepared to go to trial within ten days and Naveira was not. Ultimately, the trial court granted Naveira's motion for discharge because trial was scheduled after the deadlines of rule 3.191 had expired.
We hold that the trial court erred in granting the motion for discharge. Naveira was not ready for trial on the date trial was scheduled and in fact requested a continuance; thus, he was unavailable for trial under subdivision (k) and was not entitled to be discharged.
The Fourth District Court of Appeal, sitting en banc, has considered a similar issue. See Banks v. State, 691 So.2d 490, 491 (Fla. 4th DCA 1997) (en banc). In Banks, the issue was whether the trial court erred in denying a motion for discharge under the speedy trial rule. At calendar call two days before trial, defense counsel indicated that he was not ready for trial and requested a continuance because he had not received the full discovery from the State until two days earlier. Counsel requested a continuance of at least sixty days, which the trial court granted.
The defendant in Banks argued that he should not lose his right to seek a speedy trial discharge simply because the court scheduled his first trial date for only three weeks after arraignment. The court noted that "[a]s a general rule, a defense request for continuance, absent state misconduct, inexcusable delay in providing discovery, or other violation of defense discovery rights, waives the 175 day `speedy trial' time and the defendant's right to discharge pursuant to criminal procedure rule 3.191(a)." Id. at 491. The court explained the parameters of the right to speedy trial under the rule:
The speedy trial right at issue here is not one of constitutional dimension and clearly may be waived. Nor is the defendant's lack of fault, or even possible defense prejudice, a determining factor in deciding whether speedy trial was waived by the defense being unavailable for trial. In any event, Appellant is not prejudiced, as the defense at all times had available the 50 day speedy trial by demand remedy provided under rule 3.191, as well as speedy trial principles available under the state and U.S. constitutions.
691 So.2d at 492. The Fourth District concluded that the defendant waived his right to speedy trial. Id.
Naveira argues that our conclusion unlawfully forces him to choose between two rights, the right to speedy trial and the right to adequately prepare for trial. We disagree. Naveira had the right to invoke the speedy trial rule and go to trial within ten days. He also had the right to request *308 a continuance because he was not prepared to go to trial in ten days. The State correctly did not oppose a continuance, and the trial court correctly granted it. In fact, denial of such a request may constitute an abuse of discretion in these circumstances. See Sumbry v. State, 310 So.2d 445, 447 (Fla. 2d DCA 1975) (finding no problem with the State's filing the information 171 days after arrest, but holding that the defendant's motion for continuance should have been granted, and remanding for a new trial); Washington v. State, 378 So.2d 852, 853 (Fla. 4th DCA 1979) (finding that the trial court abused its discretion in denying a defendant's motion for continuance where, after the demand for speedy trial was made and on the morning of trial, the State filed a second amended information with a new charge). The mere fact that Naveira had to elect between a speedy trial under the rule and adequate preparation, however, did not violate his constitutional rights.
The right to speedy trial provided in rule 3.191 is not coextensive with the broader constitutional right to a speedy trial. No constitutional right exists to a trial within 175 days of arrest. As we have previously noted, "Florida's speedy trial rule is a procedural protection and, except for the right to due process under the rule, does not reach constitutional dimension." State v. Bivona, 496 So.2d 130, 133 (Fla.1986). As opposed to the right provided in the rule, "[t]he constitutional speedy trial period is measured by tests of reasonableness and prejudice, not specific numbers of days." Fonte v. State, 515 So.2d 1036, 1038 n. 2 (Fla. 3d DCA 1987). As the court found in Blackstock v. Newman, 461 So.2d 1021 (Fla. 3d DCA 1985), discussing a related issue:
By this decision, we do not force appellant to choose between two sixth amendment rights, the right to a speedy trial and the right to counsel, as she asserts. The speedy trial rule is a procedural device only and not a constitutional right. Once the speedy trial rule has been waived, it is supplanted by the constitutional speedy trial period which is measured in tests of reasonableness and prejudice, not specific numbers of days.
461 So.2d at 1022.
When Naveira filed his notice of expiration, he was on notice that the trial court would hold a hearing within five days and a trial within ten days. Under the rule, he received the right to an immediate trial. He declined to exercise that right, as was his prerogative. But he cannot now protest that his right to a speedy trial was violated. Although we sympathize with the defendant's position in this case, the fact remains that under rule 3.191, Naveira's right to speedy trial existed until he declined to exercise it. Naveira was not compelled, as the dissent asserts, to abandon his right to a speedy trial.
Finally, we resolve the conflict between the First District's decision and Fraser by adopting the reasoning of Fraser. The First District relied on its prior decisions in Yawn, 320 So.2d at 880, and Mulryan, 350 So.2d at 784. Those cases, however, were decided before amendments to the speedy trial rule that defined "unavailability for trial." As the Fifth District explained in Fraser:
[B]oth Wright and Mulryan were decided under speedy trial language that has since been amended. The rule, as it existed then, although requiring "availability for trial" as a condition to discharge, did not define "availability." Thus, the term was left to interpretation by the courts, which in the cases cited, determined that the defendants were available for trial, even though not prepared on the trial date. The 1980 *309 amendments to the rule, which controls here, has made the cited cases no longer supportive of appellee's position.
A motion for discharge under the Rule should not be granted if a defendant has been unavailable for trial. Fla. R.Crim. P. 3.191(d)(3). A person is unavailable for trial if ... (2) the person or his counsel is not ready for trial on the date trial is scheduled. Rule 3.191(e). Thus, a defendant's speedy trial rights are not violated if his case is set for trial within the time required by the rule. At that time, if defendant is not ready for trial, while due process rights may be implicated if the scheduled trial date is one on which defendant could not reasonably be expected to be prepared, defendant's speedy trial rights under the rule have been observed. A defendant who is compelled to go to trial unprepared may raise his due process rights in the trial court and on appeal, where each case will be determined on its own facts.
Fraser, 426 So.2d at 48-49 (footnote omitted). The Fifth District held that the "defendant's speedy trial rights under Rule 3.191 were not violated in this case when trial was scheduled within the time limitations of the rule and defendant advised the court he was not prepared for trial." 426 So.2d at 49. We agree with Fraser.
The dissent argues that where the speedy trial period expires through no fault of the defendant, any continuance should be charged to the State. Dissenting op. at 314. In this case, the dissent proposes that because the State did not file the information until the last day of the speedy trial period, and therefore the defendant was not ready for trial before the period expired, the defendant should be discharged. We disagree. Adopting such an interpretation would contradict the plain language of the applicable subdivisions of rule 3.191, as we have explained above.
Although the dissent argues that we should consider these subdivisions of rule 3.191 "as components of rule 3.191 as a whole," dissenting op. at 311, that is precisely what we have done. In fact, the dissent analyzes many of the same subdivisions we have. See dissenting op. at 311-12. The real difference between the dissent's analysis and ours is that the dissent would apply subdivision (j)(1), which applies to extensions of time granted to the State under subdivision (i), which in turn provides for extensions of the speedy trial period under "exceptional circumstances." Subdivision (l) generally defines what may constitute exceptional circumstances. The dissent then argues that no such circumstances exist here. Dissenting op. at 312.
The flaw in the dissent's analysis is that in this case the State did not need, and therefore did not request, an extension of the speedy trial period. Following rule 3.191, it filed charges on the 175th day after arrest. It was then prepared to go to trial within the recapture period. Therefore, neither subdivision (i) (extensions of time) nor (l) (defining exceptional circumstances) applies. Rather, in this case both the State and the trial court followed all the rule's deadlines without any extensions.
The dissent's interpretation of the rule would replace a clear deadline with an amorphous one that depends on the circumstances of each case. According to the dissent, the State must file the information not only within the speedy trial period itself (175 days from arrest), but even before thatwith sufficient time left in the period to give the defendant adequate time to prepare for trial. But whether the time remaining is adequate to prepare for trial will depend on many factors, including the *310 seriousness of the charges filed, the crime allegedly committed, the facts of the case, the number of witnesses, and a host of other factors that determine trial preparation. Moreover, different judges will necessarily rule differently on whether, under the same circumstances, the State filed charges with sufficient time left in the period. Therefore, the State would not be able to predict, in any given case, whether the timing of its charging document complied with the rule. The speedy trial period would now include an implicit "speedy charging period" with a shifting and unknown deadline.
As we noted earlier, rule 3.191 does not by its terms impose any deadlines for charging a defendant; only for bringing the defendant to trial. Nevertheless, we have interpreted the rule also to require the State to charge the defendant within 175 days of arrest. See Williams, 791 So.2d at 1091. The dissent's interpretation would require the State to charge the defendant even earlier, but at an unknown date that would depend on the circumstances. We decline to interpret the rule to impose such unclear deadlines, with Draconian results (dismissal) when the State fails to correctly predict them.

III. CONCLUSION
We approve in part and quash in part the First District's decision. We approve that part of the decision holding that upon remand from Naveira I, Naveira was entitled to raise the issue of whether the speedy trial period had expired. We quash the district court's decision on the merits, however. We hold that the defendant's right to speedy trial under 3.191 was not violated where Naveira invoked the speedy trial rule, trial was scheduled as provided in the rule's recapture provisions, and the only reason the trial was not held according to rule 3.191's recapture provision was Naveira's own motion for continuance. Thus, the trial court erred in discharging the defendant. We remand this case for proceedings consistent with this opinion.
It is so ordered.
WELLS, LEWIS, QUINCE, and BELL, JJ., concur.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, C.J., concurs.
PARIENTE, J., dissenting.
I respectfully dissent. Like the First District, I conclude that the trial court acted properly in discharging Naveira because he "could not be ready for trial within the recapture period afforded by rule 3.191(p)," and that the continuance beyond the recapture period should be charged to the State. State v. Naveira, 807 So.2d 766, 767 (Fla. 1st DCA 2002). Under the majority's holding today, the State may file an information on the very last day of the speedy trial period and then compel a defendant to give up the right to a speedy trial in order to be adequately prepared for trial, without any legal consequence to the State. Rule 3.191 was never intended to operate in this manner. "A defendant should not have to choose between the right to a speedy trial and the right to discovery within sufficient time to adequately prepare for trial." Vega v. State, 778 So.2d 505, 506 (Fla. 3d DCA 2001).
Consider what happened in this case. Although Naveira was arrested for sexual battery on February 25, 1999, the State did not file an information charging him with sexual battery until 175 days later. In the interim, Naveira filed a discovery demand, to which the State did not respond until the day it filed the information. The State admits that the delay in filing *311 the information was in no way attributable to Naveira. The trial court noted that it was required to set the trial in this sexual battery case only four days after the hearing on the notice of the expiration of the speedy trial period and within the fifteen-day recapture period:
[C]ounsel for the defendant asserted that he could not possibly be ready for trial in four days, citing the fact that he had understood from discussions with the State Attorney's Office that the charges were not going to be filed, ... that he had just been informed of the fact that the State possessed DNA evidence that he had not had the opportunity to examine or even consider, that he had not yet received all the discovery to which he was entitled, and that his and his client's residence in Dade County put the defendant at a further disadvantage in attempting to get to Tallahassee and prepare for trial in four days. The defendant's claim that he could not be prepared for trial on such short notice was therefore well-founded. The defendant's reluctant request for a continuance was the only option available under the strict requirements of the rule. However, this court determined that the continuance should be granted, but not due to any fault of the defendant. The continuance was then charged to the State.
(Emphasis supplied.) As to the timing of the information, the trial court observed:
Although there was no evidence presented at the original hearing to indicate that the State delayed filing the information for an improper reason, it was undisputed that the defendant was led to believe that the case would not be filed. The court does not contest the State's right to file the information, but legal ramifications of doing so on the 175th day are significant.

(Emphasis supplied.)
The majority's construction of rule 3.191, which results in no legal ramifications to the State in this case, rests on its focus on subdivisions (j)(3) and (k) without considering these provisions as components of rule 3.191 as a whole. Like subsections of a statute, subdivisions of a rule should be construed and applied in relation to one another. Cf. Tucker v. State, 459 So.2d 306, 308 (Fla.1984) (reading subdivisions of rule 3.140, governing indictments and informations, in pari materia). A more inclusive approach to rule 3.191 is required not only to effectuate the overall intent of the rule, but also because many of the cross-referenced subdivisions of the rule are not in sequential order.
Rule 3.191 provides that every defendant charged with a felony has the right to be brought to trial within 175 days of arrest. See Fla. R.Crim. P. 3.191(a). By filing the information on the 175th day, the State prevented Naveira from being tried within this period. Subdivision (a) further provides that if the defendant is not tried within this time period, "the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p)." Therefore, the starting point for the analysis of whether discharge is required for failure to try Naveira within 175 days of arrest is subdivision (p), entitled "Remedy for Failure to Try Defendant within the Specified time." Subdivision (p)(3) requires a hearing within five days of the filing of the notice of expiration of speedy trial, and provides a recapture period of ten additional days in which to bring the defendant to trial. A defendant who is "not brought to trial within the 10-day period through no fault of the defendant ... shall be forever discharged from the crime."
*312 However, rule 3.191(p)(1) also provides that "[n]o remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j)." Subdivision (j), entitled "Delay and Continuances; Effect on Motion," specifies that the trial court shall grant a motion for discharge if the trial of the defendant "does not commence within the periods of time established by this rule" unless one of the listed exceptions applies. Subdivision (j)(1) refers to extensions of time granted under subdivision (i), which in subdivision (i)(2) provides that the time for speedy trial may be extended under "exceptional circumstances" as defined in subdivision (l). Exceptional circumstances recognized under subdivision (l) include the unexpected and unforeseeable absence of a "uniquely necessary" witness, and the unavailability, despite diligent efforts, of specific testimony or evidence that will become available at a later time. Fla. R.Crim. P. 3.191(l)(1), (3).
In this case, the State never made a showing of exceptional circumstances for the inability to try Naveira within the recapture period that immediately followed the State's last-minute filing of the information. The State did not require more time than the recapture period to prepare, because it was able to assemble its case during the 175-day period from arrest to filing of the information by finding the alleged victim and performing DNA analysis. However, the defendant, lacking formal notice of the charges and discovery during the entire 175-day period, did not have the same opportunity.
The next subdivision, (j)(2), states that discharge shall be granted unless the "failure to hold trial [during the 175-day period] is attributable to the accused ... or their counsel." Subdivision (p)(3) similarly requires discharge if the defendant is not brought to trial "through no fault of the defendant" during the recapture period. In this case the trial court found, and the State agreed, that the failure to hold trial within the times specified in the rule was neither attributable to nor the fault of the defendant. Subdivision (j)(3), on which the majority relies, provides that the discharge shall be granted unless the defendant was "unavailable for trial under subdivision (k)." Subdivision (k) defines unavailability as the defendant or defense counsel either failing to attend a proceeding or not being ready for trial.
Rather than focusing narrowly on subdivisions (j)(3) and (k), we should construe subdivisions (j), (k), (l), and (p) in relation to one another. Reading all these subdivisions together leads to one logical conclusion: when a continuance to a point beyond the speedy trial and recapture deadlines is granted for reasons neither attributable to nor the fault of the defendant, and the State cannot demonstrate exceptional circumstances that warrant extension of the time for speedy trial, the delay is attributable to the State and the defendant is entitled to discharge.
The majority is incorrect in its suggestion that this view would require the trial court to dismiss the charges whenever the defense successfully asserts that the information was filed too late in the speedy trial period to enable the defendant to prepare for trial before the deadline. To the contrary: the trial court is justified in granting a discharge only if the State cannot establish exceptional circumstances warranting an extension of the speedy trial period under subdivision (l). Precedent limits the trial court's discretion in charging a continuance to the State, and the six grounds enumerated for an extension under subdivision (l) channel the trial court's discretion in determining whether to extend the speedy trial period. A construction of the speedy trial rule that precludes *313 the trial court both from charging a continuance caused by a late-filed information to the State and from granting an extension for speedy trial under exceptional circumstances improperly eliminates all judicial discretion from the rule. In response to the majority's concern that the State cannot predict whether its timing in filing the charging instrument will result in violation of the speedy trial rule, prosecutors should use subdivision (l) as a guide. Absent one of the grounds specified in that provision, a prosecutor who files an information late in the speedy trial period runs the risk of discharge under the speedy trial rule, particularly when discovery is provided at the same time.
In this case, the filing of the information and discovery response on the 175th day after arrest precluded the commencement of trial within either the time for speedy trial or the recapture period. In concluding that "discharge under the speedy trial rule is appropriate where a late-filed information implicates the ability to prepare a defense," the trial court essentially ruled that the defendant could not be tried within either the time for speedy trial or the recapture period through no fault of his own. Because the State did not establish exceptional circumstances warranting an extension of the time for speedy trial, the trial court acted within its discretion in granting a discharge.
The majority is mistaken in concluding that because the State was ready for trial, it did not need an extension under subdivisions (i) and (l). See majority op. at 309. The majority's assertion confuses a continuance of trial with an extension of the time for speedy trial. During the recapture period, the defense moved for a continuance, which the trial court granted and charged to the State. Nothing would have prevented the State at that time from requesting an extension of the speedy trial deadline pursuant to subdivisions (i) and (l). If the State had sought the extension and the trial court had found "exceptional circumstances" under subdivision (l), there would have been no speedy trial violation and hence the defendant would not have been entitled to a discharge. However, this did not occur in this case.
The trial court's finding that defense counsel could not adequately prepare for trial within fifteen days after the information was filed and discovery was provided is also consistent with the purposes of the rules governing discovery and informations or statements of particulars. This Court has stated that rules 3.140 (Indictments; Informations) and 3.220 (Discovery) operate together to provide a defendant the legally sufficient notice necessary to prepare a defense:
With the advent of Florida's liberal discovery rules in criminal cases, along with the availability of a statement of particulars, a defendant is no longer forced to obtain information about the charge only from the charging document. While these discovery tools generally cannot cure a fatally vague charging document, they do reduce the danger of a defendant's being in doubt as to the specifics of his alleged wrongdoing or of his being subjected to a new charge arising from the same act. In other words, an information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy.
State v. Dilworth, 397 So.2d 292, 294 (Fla. 1981) (footnotes omitted). Also, "[i]t is a basic due process right and essential to a fair trial that defense counsel in a criminal case be afforded a reasonable opportunity to prepare his case," and "[t]he law requires that each defendant have sufficient *314 time to prepare a defense, including the opportunity to utilize available procedural discovery rules provided for that purpose." Valle v. State, 394 So.2d 1004, 1007-08 (Fla.1981).
Accordingly, in a case presenting essentially the same issue as this case, the First District correctly concluded that
[t]he state, through its own inaction by failing for 142 days to return either an indictment or an information against a person, cannot force a defendant to choose between two coequal rights. While the Florida Rules of Criminal Procedure have in recent years been given great emphasis as to an accused's right to speedy trial and discovery, we cannot forget that these rights are ultimately protected by our State and Federal Constitutions. We hold that Wright has been denied his right to speedy trial.
State ex rel. Wright v. Yawn, 320 So.2d 880, 882 (Fla. 1st DCA 1975) (footnote omitted). The First District reached a similar conclusion in a case involving an information amended to change the charges from possession of stolen property to burglary and grand larceny, filed 168 days after arrest and three days before trial. See Mulryan v. Judge, Div. "C" Circuit Court of Okaloosa County, 350 So.2d 784 (Fla. 1st DCA 1977).
In contrast, Banks v. State, 691 So.2d 490, 491 (Fla. 4th DCA 1997) (en banc), on which the majority relies, was a case in which the trial court set trial early in the speedy trial period, not one in which the State both filed the information and furnished discovery very late in the speedy trial period. See id. at 491 (noting that the appellant was charged in April and received full discovery in May, and that trial was initially set in May but after a continuance commenced in November, 207 days after the arrest). The Fourth District majority did not address the constitutional concerns arising when a defendant receives neither a charging document nor discovery materials until very close to the speedy trial deadline.
In this case, Naveira did not receive constitutionally adequate notice of the specifics of his alleged wrongdoing either through a charging document or discovery materials until 175 days after his arrest, the final day of the period for speedy trial without demand. Consistent with Yawn and Mulryan, the trial court correctly charged the State with the continuance of trial on the sexual battery and false imprisonment charges scheduled eleven days after the State filed the information and provided discovery.
The majority rejects the First District's reliance on Yawn and Mulryan by adopting the reasoning of State v. Fraser, 426 So.2d 46 (Fla. 5th DCA 1982). In Fraser the Fifth District reversed a discharge under the speedy trial rule on grounds that, pursuant to language added to the rule after Yawn and Mulryan and now found in subdivision (k), the defendant was "not ready for trial on the date trial [was] scheduled." Id. at 47. However, unlike this case, the opinion in Fraser reflects that trial was reset late in the speedy trial period for reasons unclear from the record. The Fifth District stated that it would not attribute the delay to the defendant, see id., but evidently also declined to attribute the delay to the State, in contrast to the trial court in this case.
Further, the focus on the defendant's readiness for trial in subdivision (k) does not render inapplicable the ample precedent authorizing the trial court to charge a continuance to the State and the effect of that decision on the right to speedy trial. See Von Waldner v. State, 860 So.2d 1061, 1062-63 (Fla. 5th DCA 2003) (holding that provision precluding speedy trial discharge if defendant requested continuance did not *315 apply where continuance was required by State's failure to respond to discovery requests until after expiration of speedy trial period); Vega v. State, 778 So.2d 505, 506 (Fla. 3d DCA 2001) (concluding that trial court improperly charged continuance to the defendant where State provided no discovery until the day of trial); Alvarez v. State, 729 So.2d 472, 473 (Fla. 3d DCA 1999) (untimely notice of collateral-crime witnesses resulted in trial not being held within recapture period through no fault of the defendant, requiring discharge); Lobik v. State, 506 So.2d 1077, 1079 (Fla. 2d DCA 1987) (holding that continuance requested by defendant following State's substitution of key witness was chargeable to State for speedy trial purposes). These cases were decided after the amendment that first brought into rule 3.191 the definition of unavailability for trial relied on by the majority to reject Yawn and Mulryan. See The Florida Bar re Rules of Criminal Procedure, 389 So.2d 610, 614 (Fla.1980). Although the majority correctly points out that Von Waldner, Vega, Alvarez, and Lobik all concerned failure to timely provide discovery, see majority op. at 306 n.2, I disagree that the speedy trial rule vests discretion in a trial court to charge a continuance to the State only when there is a violation of another procedural rule.
Although rule 3.191 may be complex, a reading of the whole rule rather than a narrow focus on one or two subdivisions leads to a balance that emphasizes the primacy of the defendant's right to a speedy trial. Under the Court's decision today, a defendant who is not ready for trial "through no fault of his own," but rather because of an information filed late in the speedy trial period, has no remedy.
Further, the Court's decision leaves the trial court with no discretion to "weigh the state's reason for a delay in filing charges against any prejudice to the defendant" caused by the delay, and charge the continuance to the State. Naveira, 807 So.2d at 768 (Wolf, J., concurring). A trial court is generally accorded wide discretion in deciding whether to grant a continuance. See Gorby v. State, 630 So.2d 544, 546 (Fla.1993). In exercising this discretion, the trial court has inherent authority to require and evaluate an explanation for a party's claim that it is not ready for trial. The trial court is thus in the best position to decide who bears the responsibility for the continuance for purposes of the speedy trial rule. The Fourth District, considering this issue, has stated:
We think the true principle of Wright and Mulryan is not simply that a continuance will not be charged to the defendant when charges emerge late in the speedy trial period such that one or more material elements must be faced that theretofore did not have to be planned for. Rather, we think the crucial question is whether the defense is in fact prejudiced by the change in the charge (or the late unveiling thereof).
State v. Hutley, 474 So.2d 233, 235 (Fla. 4th DCA 1985). In this case, the trial court determined that the defense would be prejudiced by going to trial because of the timing of the State's filing of the information and discovery on the 175th day after arrest. Accordingly, the trial court acted within its discretion in charging the continuance to the State, and the First District correctly affirmed the trial court's ensuing order of discharge.
For the reasons I have stated, I would approve in full the First District's decision, which strikes the correct balance between the discovery and speedy trial rules while giving the trial court the proper role of exercising its discretion to enforce that balance. Additionally, I urge the Court to direct the Criminal Procedure Rules Committee to study this issue and recommend *316 an amendment to rule 3.191 that will remedy the problem illustrated by this case. One possible solution is to add language to rule 3.191(k) specifying that a person should not be considered unavailable for trial if the reason he or she is not ready for trial can be attributed to the State. Such a proviso would enable the trial court to exercise its discretion to prevent the dilemma faced by Naveira and those who will be affected by the Court's decision in this case.
ANSTEAD, C.J., concurs.
NOTES
[1] Rule 3.191(a), entitled "Speedy Trial Without Demand," provides in part that "every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged is a misdemeanor, or within 175 days if the crime charged is a felony."
[2] As Naveira acknowledges, the State is not required to provide discovery until the charging document is filed. See, e.g., Fla. R.Crim. P. 3.220(a) ("After the filing of the charging document a defendant may elect to participate in the discovery process provided by these rules ....") (emphasis added); Pura v. State, 789 So.2d 436, 438 (Fla. 5th DCA 2001) (finding that the State was obligated to provide discovery within fifteen days after filing the information). Therefore, the State committed no discovery violation by waiting until it filed the information to respond to discovery. The cases on which the dissent relies, see dissenting op. at 314-15, charged a continuance to the State precisely because the State had provided discovery either late or not at all. In fact, two of the cases cited by the dissent, Vega v. State, 778 So.2d 505, 506 (Fla. 3d DCA 2001), and Lobik v. State, 506 So.2d 1077, 1079 (Fla. 2d DCA 1987), rely on State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984), where the court emphasized that "prejudice to the defendant is irrelevant where the State is not obliged to furnish the discovery in the first instance and thus, the State's inaction or refusal does not constitute a discovery violation. In such a case, the imposition of any sanction against the State and, a fortiori, dismissal of the chargesis impermissible." Id. at 609 n. 4.