SHEPHERD, J.
This is an appeal from an order granting discharge of a juvenile defendant on the ground that he was not brought to trial during the speedy trial period. The issue we must decide is whether, when the state amends a petition for delinquency on the morning of an adjudicatory hearing within a speedy trial period, and the juvenile defendant seeks a continuance based upon insufficient time to prepare for trial, the continuance should be charged to the state or to the defendant.
We find this case legally indistinguishable from the Florida Supreme Court’s decision in State v. Naveira, 873 So.2d 300 (Fla.2004) where for the same reason a continuance was charged to the defendant when the state delayed filing any charge until the last day of the (adult) speedy trial period. Accordingly, we are compelled to reverse the order granting discharge of the defendant in this case.
FACTS
On April 10, 2005, M.J. was arrested for burglary of an automobile owned by Uchi-da Hiroshi, possession of burglary tools, resisting an officer without violence, and criminal mischief. Under Florida Rule of Juvenile Procedure 8.090(a), the state was required to commence the trial of the defendant no later than July 11, 2005. An adjudicatory hearing was set for June 22, 2005. On April 22, 2005, the state filed a petition for delinquency alleging one count of resisting arrest without violence under section 843.02, Florida Statutes, a misdemeanor. On the morning of the hearing, the state filed an amended petition, adding charges of burglary in violation of section 810.02(4)(B), Florida Statutes, a felony, and unlawful breaking or damaging of an automobile window in violation of section 806.13(l)(b)2, Florida Statutes, a misdemeanor. Defendant announced that he was ready to proceed on the original charge, but not on the newly filed charges. After some discussion, the trial court granted a joint continuance over objection of the defendant. At a subsequent hearing on a motion for discharge, the trial court reversed course, charging the continuance to the state alone, and eventually dismiss *702 ing the case after the state announced that it was not ready. The state appeals, arguing that continuance should have been charged to defendant. If so, then the discharge was improper in this case because the defendant was not continuously available during the speedy trial period. Fla. R. Juv. P. 8.090(d)(4).
DISCUSSION
We find this case controlled by the Florida Supreme Court’s recent decision in State v. Naveira. In Naveira, the state waited until the last day permissible under Florida Rule of Criminal Procedure 3.191 to file its charging document. Naveira alleged that the delay left him unprepared for trial and the trial court charged the state with a continuance. As here, there was no' allegation of state misconduct in the late filing. The Florida Supreme Court reversed, ruling that Rule 3.191 of Criminal Procedure creates a bright line rule by which the state may file the charging document at any time until the ninetieth day after arrest for a misdemeanor, or by the one hundred seventy-fifth day after arrest for a felony. Naveira, 873 So.2d at 310. We see no reason why an amended petition should be treated differently so long as the amended petition is timely filed within the prescription of Rule 8.090 of Juvenile Procedure. See Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971) (holding that the filing of an amended information supplants the original information).
Defendant also argues that the criminal case must be dismissed as a result of discovery violations by the state. Such allegations can give cause for the trial court to dismiss the charges. Naveira, 873 So.2d at 307; Hahn v. State, 626 So.2d 1056 (Fla. 4th DCA 1993). However, we find no record evidence that such an issue was raised or considered by the trial court. Accordingly, we decline to consider this issue for the first time on appeal.
Order granting discharge reversed.