LEVY, Judge.
We reverse the defendant’s discharge under the speedy trial rule. The defendant had been charged with two criminal counts, and had filed a demand for a speedy trial on June 29, 1992. On August 18, 1992, the 50 days prescribed in Florida Rule of Criminal Procedure 3.191(a)(2)(4) [since renumbered 3.191(b)(4)] elapsed without the defendant being brought to trial. The defendant immediately filed a Motion to Discharge [1] which was heard August 18, 1992, at which time the trial court ordered that the defendant be brought to trial within 10 days or be forever discharged. See Fla. R.Crim.P. 3.191(i)(3) (since renumbered 3.191(p)(3)). The defendant was not brought to trial, and was discharged by the trial court on September 9, 1992.
However, on August 24, 1992, Hurricane Andrew decimated many parts of Dade County. As a result, the Florida Supreme Court issued an order, applicable only to Dade County, tolling “all time limits authorized by rule and statute affecting the speedy trial procedure in criminal and juvenile proceedings” beginning August 24, 1992, for two weeks. In re Emergency Petition to Extend Time Periods Under All Florida Rules of Procedure, 17 Fla.L.Weekly S578 (Fla. Sept. 2, 1992). This order, which the Supreme Court issued as part of its power to administer the judiciary, see Art. V, § (2)(a), Fla. Const., served to toll the running of the speedy trial window period in this case. Consequently, five days of the 10-day window had elapsed prior to August 24th, and the window was tolled from August 24th through September 6th. Thereafter, the window resumed running on September 7th. Clearly, only eight days of the window period had elapsed when the defendant was discharged on September 9th. His discharge was, therefore, premature and is reversed. This case is remanded for fur *1104 ther proceedings consistent herewith. See State v. Hernandez, 573 So.2d 1037 n. 1 (Fla. 3d DCA 1991).
Reversed and remanded.

. This pleading has since been renamed “Notice of Expiration of Speedy Trial Time” in order to distinguish it from a "Motion to Discharge” which is filed at the expiration of the Rule 3.191(p) window period. In re Amendments to the Florida Rules of Criminal Procedure, 606 So.2d 227 (Fla. 1992).