FULMER, Judge.
Shawn Jones appeals the denial of her motion for discharge filed pursuant to Florida Rule of Criminal Procedure 3.191(h) (1995). She argues that the trial court erred by granting the State’s motion to extend the speedy trial period due to exceptional circumstances. We agree and reverse because the routine practice of not empaneling jurors during a regularly scheduled holiday period is not an exceptional circumstance as defined in rule 3.191(Z).
Jones filed a notice of expiration of speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(h) and (p) on December 12, 1995, after the 175-day speedy trial limit had expired. At the speedy trial hearing held the following day, the State requested a two-week extension to the ten-day period allowed for trial, arguing that lack of juror availability because of the holidays constituted an exceptional circumstance under which a trial court may extend the speedy trial time periods. The trial court granted the extension. On December 28, 1995, Jones filed a motion for discharge, which the trial court denied. On January 2,1996, Jones pleaded no contest to a reduced charge of misdemeanor battery, reserving her right to appeal. The trial court withheld adjudication and sentenced her to one day’s unsupervised probation.
Jones raises two issues in this appeal: whether the State may seek an extension of time if the 175-day speedy trial'period has already expired, and whether the trial court erred in finding the absence of available jurors to be an exceptional circumstance. Be *906 cause we conclude that no exceptional circumstances existed, we need not determine whether the State’s request to extend the speedy trial period was timely.
Exceptional circumstances are defined in rule 3.191(7), which provides in relevant part:
As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that as a matter of substantial justice to the accused or the state or both require an order by the court.
We state the obvious when we say that the December holiday season occurs at the same time every year and, therefore, should be foreseeable by the State. Furthermore, the practice of not empaneling jurors during the last two weeks of December is common practice in most circuits, and occurs by custom and not as a result of any legal prohibition. The delay caused by this custom is, therefore, avoidable. The Florida Supreme Court similarly held in Allen v. State, 275 So.2d 238 (Fla.1973), that a five-month grand jury hiatus was an avoidable or foreseeable delay, and therefore not an exceptional circumstance. The court stated, “[T]he spirit of [rule 3.191] dictates that a grand jury’s untimely convention should not serve to prevent a speedy trial.” Id. at 241.
We are not suggesting that the custom of a holiday jury hiatus be changed. We are only suggesting that the State must be especially watchful of those cases that may need to be given priority on the docket where the speedy trial period may expire during the jury hiatus.
Because the State failed to show exceptional circumstances that would permit the extension of the speedy trial period, the trial court erred by granting an extension instead of discharging Jones. Accordingly, we quash the decision of the trial court and direct the trial court to enter an order discharging Jones.
Reversed and remanded with directions.
FRANK, A.C.J., and WHATLEY, J., concur.