913 So.2d 762 (2005)
Eugene SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-127.
District Court of Appeal of Florida, Fifth District.
November 10, 2005.
*763 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant pled guilty to felony DUI, reserving for appeal the dispositive issue of whether the trial court erred by denying his motion for discharge based on a purported speedy trial violation. We affirm, albeit not for the reason given by the lower court.
Appellant was arrested on June 4, 2004. On December 15, 2004, he filed a Notice of Expiration of Speedy Trial on which the court took no action until January 3, 2005, whereupon his case was called for trial. Appellant moved for discharge contending that the recapture period had expired on December 30, 2004. The lower court agreed that the recapture period had expired but denied Appellant's motion finding that exceptional circumstances  the closure of the Seminole County courthouse during the holiday period  excused the delay. Apparently, although not entirely an official holiday, by custom, the courts of Seminole County take a two-week recess near the holiday period. The exact scope and duration of the recess is unclear from the record, but it does appear that some judges did conduct judicial proceedings during this recess. In any event, we conclude that these circumstances are not "exceptional," as contemplated by Florida Rule of Criminal Procedure 3.191(l). See Jones v. State, 707 So.2d 905 (Fla. 2d DCA 1998) (shortage of jurors during holiday period did not constitute "exceptional circumstance"). Furthermore, even assuming that "exceptional circumstances" were shown to exist, the State's request to extend the recapture period would have come too late. Fla. R.Crim. P. 3.191(i); see also Hajal v. State, 864 So.2d 1167, 1170 (Fla. 5th DCA 2004) (grounds for extension must be established prior to expiration of recapture period).
Even though the lower court erred in its finding of exceptional circumstances, we conclude that we should affirm under the "tipsy coachman" rule because the trial court reached the right conclusion. Robertson v. State, 829 So.2d 901, 905 (Fla.2002). During the time between Appellant's arrest and the expiration of the speedy trial period, three administrative orders of the Supreme Court of Florida were entered wherein "all time limits authorized by rule and statute affecting the speedy trial procedure" were "tolled" in Seminole County due to hurricanes Charley, Frances and Jeanne for a cumulative tolling period of 15 days. Although the lower court and counsel for the parties had considered the effect of the tolling orders for hurricanes Charley and Jeanne, they had overlooked the order for hurricane Frances, of which we take judicial notice. Fla. Admin. Order No. AOSC04-88 (Sept. 15, 2004). When all three tolling orders are considered, the Notice of Expiration of Speedy Trial was premature and subject to a motion to strike. Fla. R.Crim. P. 3.191(h). Moreover, even if the notice of expiration had become effective at the first legal opportunity, the recapture period would not have expired until the day on which Appellant's case was called for trial.
AFFIRMED.
SAWAYA, J., and ROCHE, R., Associate Judge, concur.