RAMIREZ, J.
 

 Roman Ramirez appeals the trial court’s final summary judgment in favor of defendant, Charles H. McCravy, raising the novel argument that prior hurricane-related administrative orders tolled the statute of limitations for his tort action. We conclude that under the facts of this case it did not and affirm.
 

 
 *693
 
 Ramirez and McCravy were involved in a car accident on March 3, 2003. Ramirez filed his suit three days late, on March 7, 2007. McCravy moved to dismiss the complaint on the basis that the statute of limitations had expired. Ramirez argued that certain Florida Supreme Court administrative orders, which were issued after his cause of action accrued, tolled the statute of limitations on his claim. In particular, he argued that the administrative orders, in the aggregate, by them very language operated to suspend the statute of limitations, giving him over thirty additional days to file his complaint. The six tolling orders in question all state that: “In Miami-Dade County, all time limits authorized by rule and statute applicable to civil (inclusive of circuit and county), family, domestic violence, probate, traffic, and small claims proceeding are tolled from 5:00 p.m. on ...
 
 nunc pro time."
 
 The orders were all triggered by weather emergencies: two in 2004 caused by Hurricanes Frances and Jeanne; three in 2005, attributable to Hurricanes Katrina, Rita and Wilma; and the last one in 2006, generated by Tropical Storm Ernesto. All the orders recited that weather conditions caused the closure of the courts of the Eleventh Judicial Circuit. All stated that “this danger also may have temporarily impeded the ability of attorneys, litigants ... in the performance of their duties and obligations with respect to many legal processes.” Finally, they all asserted that the orders are issued “pursuant to the administrative authority conferred upon me [the Chief Justice] by article V, section 2 of the Florida Constitution and Florida Rule of Judicial Administration 2.030(a)(2)(B)(iv) [renumbered 2.205].”
 

 Article V, section 2, grants to the Florida Supreme Court the power to “adopt rules for the practice and procedure in all courts.” Florida Rule of Judicial Administration 2.205(a)(2)(B)(iv) grants to the Chief Justice the power:
 

 [I]n the event of natural disaster ... or other circumstances inhibiting the ability of litigants to comply with deadlines imposed by rules of procedure applicable in the courts of this state, to enter such order or orders as may be appropriate to suspend, toll, or otherwise grant relief from time deadlines imposed by otherwise applicable statutes and rules of procedure for such period as may be appropriate ....
 

 The last administrative order covered the period from August 25 through August 31, 2006. Thus, Ramirez had more than six months after the last weather emergency forced the closure of the Eleventh Judicial Circuit.
 

 Ramirez has not explained how his late filing was attributable to any of the six weather emergencies. He has not alleged that these hurricanes or storms in any way “temporarily impeded the ability of [his] attorneys ... in the performance of their duties and obligations with respect to” the timely filing of his lawsuit.
 

 Section 95.051, Florida Statutes (2006), enumerated eight different, specific grounds for tolling limitation periods. None of those are applicable here. In
 
 Hearndon v. Graham,
 
 767 So.2d 1179, 1185 (Fla.2000), the Florida Supreme Court held that delayed discovery due to lack of memory could not toll the statute of limitations as it was not one of the eight enumerated grounds. It added that “the tolling statute specifically precludes application of any tolling provision not specifically provided therein.”
 
 Id.
 

 Ramirez has not alleged that he relied on the administrative orders, or that they lulled him into inaction.
 
 See Patz v. Dep’t of Health,
 
 864 So.2d 79, 80 n. 3 (Fla. 3d DCA 2003) (finding that doctrine of equitable tolling did not apply because appellant
 
 *694
 
 failed to demonstrate that he “was misled or lulled into inaction, that he was in some extraordinary way prevented from asserting his rights, or that he mistakenly asserted his rights in the wrong forum”). In
 
 Ryan v. Lobo De Gonzalez,
 
 841 So.2d 510 (Fla. 4th DCA 2003), the court held that section 95.051, did not abrogate the doctrine of equitable estoppel. Ramirez has not alleged that he was induced to forebear from filing suit. In
 
 Major League Baseball v. Morsani,
 
 790 So.2d 1071 (Fla. 2001), the Florida Supreme Court stated:
 

 Equitable estoppel ... comes into play only after the statute of limitations has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forebearing suit within the applicable limitations period.
 

 Id.
 
 at 1079. No one, let alone McCravy, induced Ramirez into forebearing from filing his suit in a timely fashion.
 

 We recognize that traditional notions of justice, due process and access to courts, all justify the emergency administrative orders entered by the chief justices due to the weather emergencies. However, we conclude that the orders should be strictly construed in the context of statutes, as opposed to rules.
 
 See Sullivan v. State,
 
 913 So.2d 762 (Fla. 5th DCA 2005) and
 
 State v. Hernandez,
 
 617 So.2d 1103 (Fla. 3d DCA 1993) (both dealing with the speedy trial rule). We reach this conclusion because the six administrative orders recite as its authority article V, section 2, of the Florida Constitution, which grants the Florida Supreme Court the power to “adopt rules for the practice and procedure in all courts,” not to
 
 modify
 
 statutes. Furthermore, we have the Florida Supreme Court itself in
 
 Heamdon
 
 specifically declaring that by enumerating eight grounds in section 95.051, the legislature has basically precluded application of any other tolling provisions that imaginative litigants may come up with. To toll means to suspend or interrupt. There is nothing intrinsic in the language that requires tacking extra days at the end of a four year period. Therefore, by strictly construing the administrative orders, we find that they have no application to this case, as the weather emergencies did not in any way delay Ramirez from promptly filing his suit.
 

 Affirmed.