*241 PARIENTE, J.,
concurring.
Because the dissent contends that our discharge of jurisdiction should be of great concern to litigants, I write briefly to place the holding of the Third District opinion in the context of the facts of the case. If litigants must “beware” of any principle of law, it is that this Court’s administrative tolling orders cannot be employed to grant a windfall extension to a statute of limitations when the litigant has not alleged that he was unable to timely file the lawsuit because of the courthouse closure. Essentially, that is the holding of the Third District in Ramirez v. McCravy, 4 So.3d 692 (Fla. 3d DCA 2009) — that litigants cannot rely on this Court’s tolling orders to add days to the statute of limitations established by the Legislature when there is no connection between the litigant’s failure to file the lawsuit in a timely manner and the emergency that gave rise to the tolling order.
Clearly, if the courthouse is closed due a weather emergency at the' time that a litigant is required to file a lawsuit, that day is treated no differently than a Saturday, Sunday, or holiday for computation purposes. Florida Rule of Appellate Procedure 9.420(f)(15) makes that computation explicit, and this common-sense application (that when the courthouse is closed, a pleading cannot be filed) should be made explicit in all other rules.
In this case, Ramirez filed his lawsuit several days after the four-year statute of limitations expired but never alleged-that he relied on the courthouse closures in failing to timely file his lawsuit. In fact, the statute of limitations did not expire until six months after the last courthouse closure!
With regard to the Court’s six tolling orders issued because of numerous hurricanes and tropical storms in 2004, 2005, and 2006, the facts were set forth by the Third District:
The last administrative order covered the period from August 25 through August 31, 2006. Thus, Ramirez had more than six months after the last weather emergency forced the closure of the Eleventh Judicial Circuit.
Ramirez has not explained how his late filing was attributable to any of the six weather emergencies. He has not alleged that these hurricanes or storms in any way “temporarily impeded the ability of [his] attorneys ... in the performance of their duties and obligations with respect to” the timely filing of his lawsuit.
[[Image here]]
Ramirez has not alleged that he relied on the administrative orders, or that they lulled him into inaction.
Ramirez, 4 So.3d at 693.
The Third District “recognize[d] that traditional notions of justice, due process and access to courts, all justify the emergency administrative orders entered by the chief justices due to the weather emergencies.” Id. at 694. However, under the facts of this case, it concluded:
To toll means to suspend or interrupt. There is nothing intrinsic in the language that requires tacking extra days at the end of a four year period. Therefore, by strictly construing the administrative orders, we find that they have no application to this case, as the weather emergencies did not in any way delay Ramirez from promptly filing his suit.

Id.

I originally voted to accept jurisdiction because I was concerned that the Third District questioned this Court’s authority to enter administrative orders. Upon further review of the decision, the briefing, and oral argument, however, I conclude *242 that the Third District provided a reasonable construction of the Court’s administrative orders in the context of statutes of limitations and that its decision does not conflict with decisions addressing the speedy trial rule or decisions regarding equitable tolling. In my view, the purpose of the administrative orders was to assist those litigants and lawyers impacted by the weather emergencies. The purpose of the administrative orders would not be served if a litigant could tack on days to a statute of limitations where the last weather emergency occurred six months before the expiration and the litigant does not allege that the delay in filing was based on any of the weather emergencies.
For all these reasons, I agree with the decision to discharge jurisdiction and allow the Third District Court of Appeal decision to stand.