LEWIS, J.,
dissenting.
I dissent. The decision below and the principle of law specifically announced as the basis for the conclusion is in express and direct conflict with every Florida decision that has previously upheld any extension of a statutory time period based upon procedural rules or considerations, such as rules which extend any statutory time deadline due to the status of governmental facilities being closed for weekends, holidays, disasters and otherwise, along with the myriad of other practical circumstances and situations that the judicial branch has addressed for as long as the judicial system has existed. There is also misapplication of law conflict with Hearndon v. Graham, 767 So.2d 1179 (Fla.2000), and express and direct conflict with every other decision in Florida that has ever explained the concept of “tolling,” all of which are contrary to the decision below. It appears that my colleagues who permit the announced legal reason for the decision below to stand find no express and direct conflict with the following principle and Justice Pariente attempts to explain away the stated principle of law:
We reach this conclusion because the six administrative orders recite as its authority article V, section 2, of the Florida Constitution, which grants the Florida Supreme Court the power to “adopt rules for the practice and procedure in all courts,” not to modify statutes. Furthermore, we have the Florida Supreme Court itself in Hearndon specifically declaring that by enumerating eight grounds in section 95.051, the legislature has basically precluded application of any other tolling provisions that imaginative litigants may come up with. To toll means to suspend or interrupt.
Ramirez v. McCravy, 4 So.3d 692, 694 (Fla. 3d DCA 2009) (emphasis supplied). Justice Pariente goes to great effort to assert an unstated subjective intent in administrative orders contrary to the specifically stated principle of law articulated very clearly by the Third District as the reason and basis for its conclusion. Justice Pariente articulates an intent never voiced by the court below. When a court announces its decision and specifically states “We reach this conclusion because ” followed by a clearly articulated principle of law, I read the words of the opinion rather than suggesting an unstated subjective intent.
Litigants beware! The principles of law announced in the decision below have far reaching consequences. The principle of law announced by the court below may or may not be correct but it must be resolved to avoid the destabilizing effect of its application. Accordingly, I dissent because the destabilizing effect of the principles announced should be addressed.