# Third District Court of Appeal
## State of Florida

Opinion filed March 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D19-2409, 3D19-2108
Lower Tribunal No. F19-6088C

_____

**The State of Florida,**
Appellant/Cross-Appellee,

vs.

**Kamari Lavar Lowery,**
Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Ashley Moody, Attorney General and Asad Ali, Assistant Attorney General, for appellant/cross-appellee.

Jebrenner Law, and Joyce E. Brenner, for appellee/cross-appellant.

Before EMAS, C.J., and LINDSEY, and MILLER, JJ.

LINDSEY, J.

The State appeals from an order striking its indictment as untimely due to expiration of the speedy trial period. Defendant Kamari Lavar Lowery cross-appeals from the same order, which denies his motion for discharge.[1] Dispositive of our decision is Florida Supreme Court Administrative Order AOSC19-43, which suspended all speedy trial time limits in the wake of Hurricane Dorian. Because the suspension of speedy trial time limits requires the restoration of additional days equal to the number of days that were suspended, we reverse the portion of the order striking the State's indictment. We also affirm the portion of the order denying Lowery's motion for discharge.

## I.  BACKGROUND

It is undisputed that Lowery was arrested on March 26, 2019, and that the speedy trial period began to run from the date of Lowery's arrest. See Fla. R. Crim. P. 3.191(a) ("[E]very person charged with a crime shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony.").

---

[1] The State filed the initial appeal (3D19-2108), and Lowery, instead of filing a cross-appeal, filed a separate notice of appeal (3D19-2409). This Court issued an order consolidating the appeals for all appellate purposes. See Lopez v. State, 638 So. 2d 931, 933 (Fla. 1994) ("[W]hen the State files an appeal from a nonfinal order in a criminal case, the defendant may file a cross-appeal on any related issue which was resolved in the same order from which the State is appealing.").

On April 15, 2019, the State filed its information charging Lowery with second degree murder. On September 17, 2019, 175 days after his arrest, Lowery filed a notice of expiration stating that the speedy trial period had expired. Lowery filed a notice of discharge on September 18, 2019.[2] That same day, a grand jury indicted Lowery for (I) first degree murder; (II) robbery using a deadly weapon or firearm, and (III) burglary with assault or battery.

In response to Lowery's motion to discharge, the State argued that the speedy trial period was modified as a result of Florida Supreme Court Administrative Order AOSC19-43, which suspended all time limits involving the speedy trial procedure due to Hurricane Dorian. The trial court disagreed and struck the three-count indictment filed on September 18, 2019. However, the trial court denied Lowery's motion to discharge, finding that the information for second degree murder filed on April 15, 2019, remained active. The State and Lowery appealed.[3]

---

[2] The trial court determined Lowery's motion to discharge was premature, and Lowery filed an amended motion on September 24, 2019.

[3] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A) ("The state may appeal an order . . . dismissing an indictment or information or any count thereof . . . .").

## II.  ANALYSIS

Pursuant to Florida's Speedy Trial Rule, "all defendants are entitled to be brought to trial within a specific period prescribed by the rule without demanding the right to speedy trial."  State v. Nelson, 26 So. 3d 570, 574 (Fla. 2010) (citing Fla. R. Crim. P. 3.191(a)).  The time periods established by the Rule may be extended by "administrative order issued by the chief justice, under Florida Rule of Judicial Administration 2.205(a)(2)(B)(iv), suspending the speedy trial procedures as stated therein."  Fla. R. Crim. P. 3.191(i)(5).

The issue before us requires an interpretation of Florida Supreme Court Administrative Order AOSC19-43, which was issued to accommodate court proceedings in the wake of Hurricane Dorian.  We review the trial court's interpretation of this Administrative Order de novo.  See Davis v. State, 286 So. 3d 170, 173–74 (Fla. 2019) ("A trial court's ruling on a motion to discharge under the speedy trial rule presents mixed questions of law and fact. . . . We review de novo the trial court's application of the law to the facts.").

"Due to issues surrounding the effect of what used to be referred to as 'tolling orders,' the [Florida Supreme Court] revised the language of the model administrative order to replace references to 'tolled' with the words

4

'extended' and 'suspended.'"[4]  In re Amendments to Fla. R. Jud. Admin., 95 So. 3d 96, 97 (Fla. 2012).  The Administrative Order at issue here follows the model language and applies to two categories of time limits, which are either extended or suspended.  First, "all time limits prescribed or allowed by rule of procedure, court order, statutes applicable to court proceedings, or otherwise pertaining to court proceedings are *extended* from the close of business on Thursday, August 29, 2019, until the close of business on Wednesday, September 4, 2019."  With respect to the second category, which is relevant here, the Administrative Order provides that "*[a]ll time limits involving the speedy trial procedure*, in criminal and juvenile court proceedings, are *suspended* from the close of business on Thursday, August 29, 2019, until the close of business on Wednesday, September 4, 2019."

The Administrative Order then sets forth the method of calculating the extension or suspension:

> The *extension* of time periods under this order shall apply only when the last day of those periods falls within the time extended. *The suspension of time*

---

[4] Prior to this revision, there was some ambiguity with respect to the word "tolled."  Compare Ramirez v. McCravy, 4 So. 3d 692 (Fla. 3d DCA 2009) (holding that administrative orders' tolling provisions did not require restoring extra days to a statute of limitations period), with Sullivan v. State, 913 So. 2d 762 (Fla. 5th DCA 2005) (holding that administrative orders' tolling provisions did require restoring extra days to a speedy trial period), and State v. Hernandez, 617 So. 2d 1103 (Fla. 3d DCA 1993) (same).

5

*limits under the speedy trial procedure restores additional days equal to the number stated herein*.

Speedy trial time limits are *suspended*, as opposed to extended, so the Administrative Order requires the restoration of additional days equal to the number of days between the close of business on Thursday, August 29, 2019, until the close of business on Wednesday, September 4, 2019, which is equal to six days.[5]

Because the trial court did not add six days to the speedy trial time limits, as required by the Administrative Order, we reverse the portion of the order on appeal striking the State's indictment and remand for further proceedings. We affirm the portion of the order denying Lowery's motion for discharge.

Reversed, in part, affirmed, in part, and remanded.

---

[5] This interpretation is further supported by a provision in the Administrative Order explicitly stating "the intent of this order to suspend the speedy trial procedure during the times stated herein in the manner described in Sullivan v. State, 913 So. 2d 762 (Fla. 5th DCA 2005), and State v. Hernandez, 617 So. 2d 1103 (Fla. 3rd DCA 1993) . . . ." In both Sullivan and Hernandez, additional days were restored to the speedy trial periods. See supra note 4.