# Third District Court of Appeal

## State of Florida

Opinion filed May 12, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0649
Lower Tribunal No. F20-12657

_____

**Harold Francois,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Shemtov & Hillstrom, PLLC, and Carter Hillstrom (Fort Lauderdale), for petitioner.

Ashley Moody, Attorney General, and Joanne Diez, Assistant Attorney General, for respondent.

Before EMAS, C.J., and FERNANDEZ, and MILLER, JJ.

MILLER, J.

Petitioner, Harold Francois, seeks a writ of prohibition, contending his prosecution for possession of a firearm by a convicted felon is barred by operation of the speedy trial rule. See Fla. R. Crim. P. 3.191. Finding statewide speedy trial suspensions support the denial of discharge below, we align ourselves with the views expressed by the First District Court of Appeal in Smith v. State, 310 So. 3d 1101 (Fla. 1st DCA 2020) and deny relief.

## BACKGROUND

On April 5, 2020, while investigating an aggravated assault, a law enforcement officer discovered Francois in the vicinity of a rifle. Francois was arrested for the misdemeanor charge of carrying a concealed weapon, in violation of section 790.01(1), Florida Statutes. During his arraignment on the misdemeanor charge, the State announced it intended to "bind up" the charges and file a felony information. It subsequently filed a nolle prosequi memorandum and the case was administratively closed.

Several months later, a warrant, unaccompanied by any charging document, issued for the arrest of Francois for the charge of possession of a firearm by a convicted felon, in violation of section 790.23(1), Florida Statutes. An additional three months elapsed before the warrant was served.

On December 18, 2020, the State filed a single-count felony information reflecting the new charge.  Contending the State impermissibly filed the information beyond the 175-day speedy trial period prescribed by Florida Rule of Criminal Procedure 3.191, Francois filed a notice of expiration of speedy trial and motion for discharge.[1]  Relying upon a series of administrative orders suspending speedy trial procedures, the trial court denied relief.  The instant petition ensued.

## ANALYSIS

"[P]rohibition is an appropriate remedy to prohibit trial court proceedings where an accused has been denied his right to a speedy trial and his motion for discharge has been denied."  Lowe v. Price, 437 So. 2d 142, 143 (Fla. 1983) (citation omitted); see also Sherrod v. Franza, 427 So. 2d 161, 163 (Fla. 1983) ("A court does not have jurisdiction to try a defendant when he is entitled to discharge on the ground of double jeopardy or collateral estoppel, or if he is entitled to a discharge because of a violation of his immunity from prosecution or his right to a speedy trial.") (citing Bennett H. Brummer, et al., Extraordinary Writs: A Powerful Tool for the Florida Practitioner, 33 U. Miami L. Rev. 1045 (1979)).

---

[1] Francois subsequently amended his motion.

"As expressly guaranteed by both the state and federal constitutions," the accused "possesses the right to a speedy and public trial." State v. Nelson, 26 So. 3d 570, 574 (Fla. 2010) (citing Amend. VI, U.S. Const.; Art. I, § 16(a), Fla. Const.). This constitutional protection is fortified by Florida statute. See § 918.015, Fla. Stat.

The Florida Rules of Criminal Procedure provide parameters by which the accused may exercise his or her right to speedy trial. See § 918.015(2), Fla. Stat. ("The Supreme Court shall, by rule of said court, provide procedures through which the right to a speedy trial as guaranteed by subsection (1) and by [§] 16, Art. I of the State Constitution, shall be realized."). However, the rules are merely procedural, and, except for the right to due process, do "not reach constitutional dimension." State v. Naveira, 873 So. 2d 300, 308 (Fla. 2004) (quoting State v. Bivona, 496 So. 2d 130, 133 (Fla. 1986)).

As relevant to this case, Florida Rule of Criminal Procedure 3.191(a) provides, "every person charged with a crime shall be brought to trial . . . within 175 days of arrest if the crime charged is a felony. If trial is not commenced within th[is] time period[], the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p)." Subdivision (p) provides for the filing of a notice of expiration of speedy trial, which, in turn, triggers

4

the requirement that the court convene a hearing on the notice within five days. Fla. R. Crim. P. 3.191(p)(3). Unless there is a determination at the hearing the speedy trial period has not expired, the court must "order that the defendant be brought to trial within [ten] days." Id. Further, "[a] defendant not brought to trial within the [ten]-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime." Id.

The speedy trial rule "does not address the deadline for filing the charging document itself," and, notwithstanding the procedure delineated in subdivision (p), the Florida Supreme Court has "held that the State cannot wait until after the speedy trial period to charge a defendant." Naveira, 873 So. 2d at 305 (citing State v. Williams, 791 So. 2d 1088, 1091 (Fla. 2001)). For purposes of the rule, "[t]he speedy trial period begins when a defendant is first taken into custody, not when charges are filed." Id. (citation omitted). The accused is deemed to be in custody at such time as "the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged." Fla. R. Crim. P. 3.191(d)(1).

Despite this confluence of rules and precedent, it is abundantly clear the speedy trial period may be suspended or extended by administrative order issued by the chief justice of the Florida Supreme Court. See Fla. R.

5

Crim. P. 3.191(i)(5); Fla. R. Gen. Prac. & Jud. Admin. 2.205(a)(2)(B)(iv). And, as pertinent to the facts before us, on March 13, 2020, Chief Justice Canady ordered, "all time periods involving the speedy trial procedure, in criminal and juvenile court proceedings, are suspended from the close of business on Friday, March 13, 2020, until the close of business on Monday, March 30, 2020, or as provided by subsequent order." In re: COVID-19 Emergency Procedures in the Florida State Courts, Fla. Admin. Order No. AOSC20-13 (Fla. Mar. 13, 2020).[2] The suspension was to "be applied in the manner described in Sullivan v. State, 913 So. 2d 762 (Fla. 5th DCA 2005), and State v. Hernandez, 617 So. 2d 1103 (Fla. 3[d] DCA 1993)," and was subsequently extended until "[ninety] days after the Chief Justice has approved the certification of a chief judge of a judicial circuit that the circuit or a county within the circuit has transitioned to Phase [Three]" of court reopening. In re: Comprehensive COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-23 Amendment 4 (Fla. June 16, 2020).[3]

---

[2]https://www.floridasupremecourt.org/content/download/692050/file/AOSC20-13.pdf

[3]https://www.floridasupremecourt.org/content/download/693626/file/AOSC20-23-Amendment-4.pdf. See also In re: COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-17 (Fla. Mar. 24, 2020),
https://www.floridasupremecourt.org/content/download/692045/file/AOSC2

6

In this case, the State filed the information more than 175 days after Francois's misdemeanor arrest. As the conduct precipitating the arrest gave rise to the crime charged in the felony information, the State was not entitled to use its nolle pros and refile power to avoid application of the speedy trial rule. See Fla. R. Crim P. 3.191(*o*); Dorian v. State, 642 So. 2d 1359, 1360 (Fla. 1994). Nonetheless, the first emergency suspension order predated Francois's arrest by approximately three weeks and remained in effect on the date the amended information was filed.[4]

---

0-17.pdf (extending suspension up until Monday, April 20, 2020); In re: Comprehensive COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-23 (Fla. April 6, 2020), https://www.floridasupremecourt.org/content/download/693622/file/AOSC20-23%20original.pdf (extending suspension up until Monday, June 1, 2020); In re: Comprehensive COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-23 Amendment 1 (Fla. May 4, 2020), https://www.floridasupremecourt.org/content/download/693623/file/AOSC20-23a1.pdf (extending suspension up until Monday, July 6, 2020); In re: Comprehensive COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-23 Amendment 2 (Fla. May 21, 2020), https://www.floridasupremecourt.org/content/download/693624/file/AOSC20-23.pdf (extending suspension up until Monday, July 6, 2020); In re: Comprehensive COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-23 Amendment 3 (Fla. June 8, 2020), https://www.floridasupremecourt.org/content/download/693625/file/AOSC20-23%20Amendment%203.pdf (extending suspension up until Monday, July 20, 2020).

[4] The Eleventh Judicial Circuit has yet to transition to Phase Three. See Florida Trial Courts Phase Status, https://www.flcourts.org/Publications-Statistics/Publications/Courts-Phase-Status.

7

Francois, however, urges us to narrowly construe the suspension provisions as applicable only to trial deadlines implicated by the speedy trial rules. Stated differently, he asserts the suspensions do not apply to speedy trial time periods predating the filing of formal charges. In support of his position, he relies upon the fact the initial administrative order was effectuated for the purpose of temporarily suspending "grand jury proceedings, jury selection proceedings, and criminal and civil jury trials, and . . . procedural requirements and limitations that could hinder efforts to mitigate the effects of COVID-19 on the courts, court participants, and all the people of Florida." Fla. Admin. Order No. AOSC20-13. This language, he argues, evinces an intent to omit investigative time periods preceding the filing of formal charges.

As with any analysis of text, we begin "with 'the language of the [order],'" and, here, because that "language provides a clear answer, it ends there as well." Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S. Ct. 755, 760, 142 L. Ed. 2d 881 (1999) (citations omitted). In the initial order, Chief Justice Canady specified "*[a]ll* time periods involving the speedy trial procedure" were to be suspended. Fla. Admin. Order No. AOSC20-13 (emphasis added). It is axiomatic that all means all, every single one. See All, The American Heritage Dictionary, (5th Ed. 2020) ("1. Being or

8

representing the entire or total number, amount, or quantity . . . 2. Constituting, being, or representing the total extent or the whole . . . 3. Being the utmost possible of . . . 4. Every . . . 5. Any whatsoever."). Had the court wished to limit the suspension to trial deadlines, it had the ability to do so.

Further, contrary to Francois's assertion, this plain reading is not repugnant to the stated intent of the administrative order. It is hardly debatable "the current global pandemic and the measures taken by federal, state, and local governments to combat its spread have disrupted normal business and litigation processes throughout the nation." Harris v. Maximus, Inc., No. 2:20-cv-38-KS-MTP (S.D. Miss. April 23, 2020). Emergency closure orders and other precautionary actions have necessitated unprecedented changes in most every facet of our society, hampering the ability of investigators to conduct forensic testing, perform field work, and interview witnesses inside restricted institutions such as nursing homes, jails, and hospitals. See Wesley Jennings & Nicholas Perez, The Immediate Impact of COVID-19 on Law Enforcement in the United States, 45 Am. J. of Crim. Just. 690 (2020); Andrea Moseley, Pandemic Disruptions to Forensic Crime Labs Present Opportunities for Permanent Change, ABA Criminal Justice Magazine, October 26, 2020; Agency for Health Care Administration, Emergency Order Visitation Limits at Residential, Skilled Nursing and Long-

term Care Facilities (March 15, 2020);[5] Florida Department of Corrections, FDC Extends Visitation Suspension at Correctional Institutions Statewide (August 18, 2020).[6] Thus, the reach of the pandemic has not been uniquely confined to trial proceedings. Consequently, suspending all speedy trial procedures, including investigatory time periods, advances the specified goal of ensuring compliance with mitigation measures.

Our conclusion today is further buttressed by the cogent decision of our sister court in Smith v. State, 310 So. 3d 1101 (Fla. 1st DCA 2020). There, although the State filed initial charges within the 175-day period, after the speedy trial time expired, it amended the information to add a new count. Smith, 310 So. 3d at 1102. The defendant moved for discharge and the trial court struck the motion as moot. Id.

The defendant sought relief in certiorari, arguing "the court intended to suspend only the time limit to try a defendant and not the other time limits related to speedy trial, including the time to file or amend charges." Id. at 1103. The First District Court of Appeal disagreed. The court first observed the order applied to "all time periods." Id. at 1102. (citation omitted). Then,

---

[5]https://ahca.myflorida.com/docs/Emergency_Order_Visitation_Limits_at_Residential_Skilled_Nursing_and_Long-term_Care_Facilities.pdf.
[6]http://www.dc.state.fl.us/comm/press/main/08-18-Visit.html#:~:text=%E2%80%93%20Following%20the%20State%20of%20Emergency,effect%20through%20August%2017%2C%202020.

10

noting that the order was intended "to suspend the speedy trial procedure as stated herein in the manner described in" <u>Sullivan</u> and <u>Hernandez</u>, it examined the manner of suspension applied in both cases. <u>Id.</u> at 1103 (citation omitted).

In <u>Sullivan</u>, the trial court determined a court holiday period had excused the State's delay in bringing Sullivan to trial prior to the expiration of the speedy trial period. 913 So. 2d at 763. In affirming the denial of the defendant's motion for discharge, citing the "tipsy coachman" doctrine,[7] the Fifth District Court of Appeal observed, "[d]uring the time between Appellant's arrest and the expiration of the speedy trial period, three administrative orders of the Supreme Court of Florida were entered wherein 'all time limits authorized by rule and statute affecting the speedy trial procedure' were 'tolled'" due to multiple hurricanes. <u>Id.</u> (citation omitted). Considering the tolling orders, the court concluded "the Notice of Expiration of Speedy Trial was premature and subject to a motion to strike." <u>Id.</u> (citing Fla. R. Crim. P. 3.191(h) ("[A] notice of expiration of speedy trial time filed

---

[7] This longstanding principle of appellate law, sometimes referred to as the "tipsy coachman" doctrine, allows an appellate court to affirm a trial court that "reaches the right result, but for the wrong reasons" so long as "there is any basis which would support the judgment in the record." <u>Robertson v. State</u>, 829 So. 2d 901, 906 (Fla. 2002) (citation omitted).

before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.")).

Similarly, in Hernandez, the defendant filed a demand for speedy trial. 617 So. 2d at 1103. After he was not timely brought to trial, the trial court ordered him discharged. Id. This court reversed, finding that, after Hurricane Andrew decimated many parts of Dade County, the Florida Supreme Court issued an order "tolling 'all time limits authorized by rule and statute affecting the speedy trial procedure in criminal and juvenile proceedings.'" Id. (citation omitted). The court determined the "order, which the Supreme Court issued as part of its power to administer the judiciary, see Art. V, § (2)(a), Fla. Const., served to toll the running of the speedy trial window period in [the] case." Id.

The Smith court observed that these holdings clarify the intent of the pandemic-related administrative orders "to toll days as described in those cases." 310 So. 3d at 1104. Consequently, it concluded discharge was improper and denied certiorari. Id.

Persuaded by this sound reasoning and adhering to the plain language, we hold the effect of the relevant suspension orders was to suspend "all time limits authorized by rule and statute affecting the speedy trial procedure." Id. at 1103 (quoting Sullivan, 913 So. 2d at 763; Hernandez,

12

617 So. 2d at 1103).  Thus, the assertion the State abandoned its prosecution fails, and the motion for discharge was properly denied. Accordingly, prohibition does not lie.

Denied.