DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**SAMUEL EMMANUEL,**
Appellee.

No. 4D21-348

[June 23, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Melinda Brown, Judge; L.T. Case Nos. 20-28AC10A and 20-41654MM10A.

Michael J. Satz, State Attorney, and Joanne Lewis, Assistant State Attorney, Fort Lauderdale, for appellant.

Howard Finkelstein, Public Defender, and Sarah W. Sandler, Assistant Public Defender, Fort Lauderdale, for appellee.

MAY, J.

The pandemic's effect on the defendant's due process rights creates the issue in this appeal. The State appeals an order discharging the defendant based on a violation of the speedy trial rule. The State argues that Florida Supreme Court Administrative Order AOSC 20-13 ("AOSC 20-13") and subsequent orders suspended all time periods involving the speedy trial rule and was not limited to court proceedings. We agree and reverse.

On March 26, 2020, the defendant was arrested for robbery and taken into custody. On July 7, 2020, 103 days later,[1] the State filed an information charging the defendant with one count of petit theft, a misdemeanor. Approximately two months later, the defendant moved for discharge. He argued that he should have been brought to trial within 90 days in accordance with Florida Rule of Criminal Procedure 3.191(a). He

---

[1] The defendant's argument that it was 104 days later is irrelevant because either way it was past the 90 days provided by Florida Rule of Criminal Procedure 3.191.

also argued the State had to file charges against him within 90 days, even though AOSC 20-13 temporarily suspended jury trials.

Following a hearing on the motion, the trial court found the State was negligent in failing to timely file charges because the State filed charges in other cases during this time. The trial court granted the motion to discharge by "operation of law."

The State now appeals.

> A trial court's ruling on a motion to discharge under the speedy trial rule presents mixed questions of law and fact. The trial court's factual findings will be sustained if they are supported by competent, substantial evidence. We review de novo the trial court's application of the law to the facts.

*State v. Cheeks*, 294 So. 3d 934, 939 (Fla. 4th DCA 2020) (internal citations omitted) (quoting *Davis v. State*, 286 So. 3d 170, 173–74 (Fla. 2019)).

The State argues that AOSC 20-13 and subsequent orders suspended all time periods involving the speedy trial rule and was not limited to court proceedings. The defendant responds that AOSC 20-13 does not give the State unlimited time to file charges because it would violate his right to due process and the State had the ability to file charges during the pandemic.

When the defendant does not make a demand for speedy trial, the defendant shall still "be brought to trial within 90 days of arrest if the crime charged is a misdemeanor." Fla. R. Crim. P. 3.191(a). If trial does not commence within the 90 days, "a pending motion for discharge shall be granted by the court unless" there has been an extension, the delay is attributable to the defendant, the defendant was unavailable, or the demand was invalid. Fla. R. Crim. P. 3.191(j).

Shortly before the defendant's arrest, our supreme court issued an administrative order suspending the time limits "involving the speedy trial procedure, in criminal and juvenile court proceedings" consistent with *Sullivan v. State*, 913 So. 2d 762, 763 (Fla. 5th DCA 2005) (order granting discharge reversed where administrative orders pertaining to hurricanes tolling speedy trial time tolled the period in which defendant had to be brought to trial after his notice for expiration of speedy trial was filed), and *State v. Hernandez*, 617 So. 2d 1103, 1103 (Fla. 3d DCA 1993) (order granting discharge for failure to bring defendant to trial within required

time period reversed where administrative order pertaining to hurricane tolled rules relating to speedy trial procedure). Fla. Admin. Order No. AOSC 20-13 (Fla. Mar. 13, 2020), http://www.jud12.flcourts.org/Portals/0/AdminOrders/AOSC20-13.pdf?ver=2020-03-13-155639-413.

Specifically, the administrative order at issue here stated that "[a]ll grand jury proceedings, jury selection proceedings, and criminal and civil jury trials are suspended," as well as "*[a]ll time periods involving the speedy trial procedure.*" *Id.* (emphasis added). The order further allowed chief judges of all the courts to "mitigate the effects of COVID-19 *on the courts and court participants.*" *Id.* (emphasis added). This order was extended through August 2020. Fla. Admin. Order No. AOSC 20-23 (Fla. Aug. 12, 2020), http://www.floridasupremecourt.org/content/download/692045/file/AOSC20-17.pdf.

Here, the trial court ignored AOSC 20-23's language that suspended speedy trial procedure in criminal proceedings. Rule 3.191 is actually entitled "Speedy Trial" and is the rule the defendant relied on in seeking discharge. Since this rule was effectively tolled by AOSC 20-23, the State was permitted to file charges past the normal 90-day speedy trial deadline.

While *Sullivan* and *Hernandez* relate to the time required to bring a defendant to trial, AOSC 20-23 explicitly states that it applies to *all time periods* involving the speedy trial procedure. AOSC 20-23 states that it was issued to mitigate the effect of COVID-19 on courts and court participants. "All time periods involving the speedy trial procedure" were suspended. *Id.* The State did not violate the speedy trial rule by filing charges a few days after the expiration of speedy trial time.

The Florida Eighth Circuit Court reached the same conclusion as the trial court did here. Order Granting Motion for Discharge, *State v. Johnson*, No. 01-2020-CF-000372-A (Fla. 8th Cir. Ct. Aug. 28, 2020), *appeal docketed*, No. 1D20-2649 (Fla. 1st DCA 2020). There, the defendant was not charged within 175 days of her arrest for a felony; she moved for discharge. *Id.* The state argued the motion should be stricken because AOSC 20-13 tolled the state's requirement to file charges within the normal time period. *Id.*

The court discharged the defendant, stating that the Florida Supreme Court's suspension of speedy trial did not include the state's obligation to file formal charges in accordance with rule 3.191(1). *Id.* The court explained that the purpose of the speedy trial suspension is to suspend court proceedings, not due process, and noted that the state failed to

introduce evidence that it was unable to timely file. *Id.* *Johnson* is currently under review at the First District. *Id.*[2]

Because AOSC 20-13 suspended "*[a]ll time periods involving the speedy trial procedure*", we reverse the order of discharge and remand the case to the trial court.

*Reversed and remanded for reinstatement of the charge.*

KUNTZ and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Like *Johnson*, here, the State does not explain why it was unable to file charges against the defendant within ninety (90) days. But any suggestion that the state attorney's office was able to file charges in other cases during the same time frame is also unsupported by competent substantial evidence.

4